HON. ASAHEL PECK,
HON. BENJAMIN H. STEELE, } ASSISTANT JUDGES.
HON. JOHN PROUT,

---

ARTEMAS SPAULDING v. FREDERICK C. ROBBINS AND OTHERS.

*Deposition. Execution. Special Verdict. Practice.*

The caption of a deposition taken out of the state described the court as to be held at "Woodstock within and for the said county of Windsor," and omitted to name the state. The party is named in the caption as resident in Ludlow, in the county of Windsor, in the state of Vermont. *Held,* that the caption was sufficient. 31 Vt., 709.

By the Rev. Sts., § 44, p. 174, a justice execution, for more than fifty-three dollars damages, should be made returnable in one hundred and twenty days, even though upon a judgment rendered upon confession.

It is always competent for the court to require a special verdict upon any or each distinct issue of fact made by the evidence, and in such cases a new trial will not be ordered unless in the judgment of the supreme court there has been error in the rulings of the county court on some branch of the case with respect to which a different verdict would alter the general result.

EJECTMENT for an undivided portion of a dwelling-house and garden in Ludlow. Plea, the general issue. Trial by jury, December term, 1868, BARRETT, J., presiding.

The plaintiff gave evidence of title, to the premises in controversy, in Shepherd Adams, in the spring of 1851, and an execution on a judgment in favor of the plaintiff against said Adams for $479.43, with costs, dated November 10, 1857; which judgment was rendered by Windsor county court, May term, 1857. It was admitted that the premises were attached on the original writ, February 15, 1853, and a levy on said premises of November 20, 1857, and a demand of the defendants to be let into the possession of the premises in the fall of 1858, and before suit brought, also the value of the rents of the said premises, and rested his case.

The defendants gave evidence of title in Robbins, the other defendants being his tenants, by virtue of a mortgage deed given by said Adams to one Betsey Warren, dated July 31, 1844, to secure a part of the purchase money, and several assignments thereof through various persons to said Robbins.

The defendants also gave in evidence an execution and levy in favor of one Augustus Maynard against said Adams, dated March 13, 1851, for $903.31 damages and costs upon a judgment rendered by a justice of the peace by confession, which execution ran one hundred and twenty days; to the admission of which the plaintiff objected, but the same was admitted by the court, to which the plaintiff excepted.

The defendants offered in evidence the deposition of Shepherd Adams, to which the plaintiff objected on the ground of informality in the caption; but the court pro forma overruled said objection, and the same was read to the jury, to which the plaintiff excepted.

The defendants gave in evidence a levy of said Maynard's said execution on the equity of redemption of said premises, and a series of deeds of the same to Robbins.

The plaintiff gave evidence tending to show that said mortgage and the notes therein described were fully paid and taken up by the makers before February 13, 1851, the time of Adams's failure, and were about that time, and after said failure, turned out by said Adams, one of the makers, to one Daniel Perry, to secure him for signing a note for said Adams; that the plaintiff's debt

was due before said failure, and that said turning out was fraudulently made to keep said premises from being attached by Adams's creditors on Adams's debts, and insisted that said sale was void and conveyed no title to Perry if he knew that said mortgage had been paid as aforesaid and was sold for the purposes aforesaid.

But the court decided and charged the jury that, if said mortgage and notes had been paid as aforesaid and with the intent aforesaid, still, if a *bona fide* purchaser should afterward purchase said premises without knowledge of said transactions, his title would be good and he would hold the land against such creditors, to which decision and charge the plaintiff excepted. The jury returned a verdict for the defendants.

The court put to the jury, under instructions not excepted to, to find specially whether said mortgage and notes had been paid and taken up by the makers, as the plaintiff claimed and his evidence tended to show, and whether the turning out of the same to said Perry was, as the plaintiff claimed, fraudulently made. The jury found specially that the same had not been paid or taken up, and that said turning of them out to Perry was not fraudulent.

The portion of the caption of the deposition to which exception was taken is as follows :

" The above deposition is taken at the request of F. C. Robbins, Alvah F. Sherman, and Jesse S. Paine, to be used in a cause to be heard and tried by the Windsor county court next to be held at Woodstock, within and for the said county of Windsor, on the second Tuesday of December, 1865, in which cause Artemas Spaulding, of Ludlow, in the county of Windsor, and state of Vermont, is plaintiff, and Frederick C. Robbins, Alvah F. Sherman, and Jesse S. Paine, are defendants. The deponent living more than thirty miles from [the place] of trial and out of the state, and the adverse party living more than thirty miles from the place of caption, was notified, as by the notice hereto annexed marked " A " appears, and did not attend."

*Sewall Fullam,* for the plaintiff.

*Luther Adams,* for the defendants.

The opinion of the court was delivered by

STEELE, J.   I.   Under the authority of the case *Harrison* v. *Nichols*, 31 Vt., 709, it is clear that the objection to the form of the caption of the deposition of Adams was properly overruled.

II.   The objection to the execution was not well taken.  The statute, which was in force at the time it issued, required *all* executions issued by a justice for more than fifty-three dollars damages to be made returnable in one hundred and twenty days. There was a period before the statute settled into this form when executions for more than that sum were issued for sixty days, or one hundred and twenty, according to whether or not the judgment was rendered by confession.  The statute requiring the long time applied at first only to cases arising under the new jurisdiction given to justices of peace, which before then had been limited to fifty-three dollars.  But before the jurisdiction was extended, a justice might render a judgment upon *confession* for any sum.  Such judgments not coming under the new grant of jurisdiction, the executions upon them were not within the provisions of the statute requiring them to be returnable in one hundred and twenty days.  By subsequent legislation this matter was made to depend solely on the amount of the execution, without reference to the grounds upon which the judgment was rendered, and such was the law at the time the execution in question was issued.  Rev. Sts., § 44, p. 174.

III.   The exceptions to the charge become immaterial under the special verdict, which finds the case against the plaintiff upon grounds with respect to which no error is alleged.  The plaintiff complains that there is some irregularity in this mode of trial, but we understand that it is always competent for the court to require the jury to find separately on each issue of fact presented by the evidence.  This mode of practice has always been considered legitimate in this state, and in England it is usual in criminal as well as civil cases.  Where the verdict is thus rendered, the case will not be remanded to the county court for a new trial unless there is, in the judgment of the supreme court, error in some branch of the case with respect to which a different verdict would alter the general result.  Of course the jury should understand that each

of their findings is to be rendered upon due deliberation, and may become important in the ultimate disposition of the case. The county court has very properly certified to us only a brief statement of the legal points of the charge. We would not be justified in concluding that this was all which the court said to the jury or that the jury were led to regard any of their findings of fact as unimportant.

The judgment of the county court is affirmed.