## KILLIAN ET AL. *v.* EIGENMANN.

INTEREST.— *When Allowed without Contract.*—Interest may be allowed in an action for money due, where payment thereof has been unreasonably delayed, even where it has not been stipulated for.

MECHANIC'S LIEN.—*Action to Enforce.*—*Notice.*—*Burden of Proof.*—A me-chanic's lien for labor or materials can not be enforced unless the notice of such lien has been filed for record within sixty days after the com-pletion of the labor or the furnishing of the material; and that fact must be affirmatively shown by the person seeking the enforcement of such lien.

INTERROGATORIES TO JURY.—*When Refused.*—*Practice.*—The court may refuse to submit interrogatories to a jury, which they are asked to answer, not in the event that they return a general verdict, but absolutely.

SAME.—*Interrogatories by Court.*—*Abuse of Discretion.*—The court may, of its own motion, put proper interrogatories to a jury; but an abuse of this power will be error.

CONTRACT.—*Pleading.*—*Misjoinder of Causes.*—*Evidence.*—*Harmless Error.*—*Practice.*—A demand for recovery for extra services ought not to be joined in the same paragraph of a complaint for particular services rendered pursuant to a contract therefor; but, if so joined, error in the admission of evidence of the former is harmless, where the court or jury trying the cause specifically refuse any allowance therefor.

SAME.—*Evidence Explaining Contract.*—In an action to recover for materials

furnished for a building pursuant to a contract prescribing that the amount of such materials so furnished should be ascertained by a certain rule of measurement used by builders, evidence as to the nature of that rule, as applied by the plaintiff in the measurement of buildings erected subsequent to the making of such contract, is inadmissible.

SUPREME COURT.—*Harmless Error.*—Where no harm results from a ruling of the court to the party complaining thereof, it is not available as error.

PRACTICE.—*Trial.*—*Recalling Witness.*—The court, during the progress of a trial, may, in its discretion, permit a witness who has once testified to be recalled.

EVIDENCE.—*Hearsay.*—Hearsay evidence as to a material matter in controversy is inadmissible.

INSTRUCTION TO JURY.—*Assumption of Fact.*—An instruction to the jury, informing them as to what certain witnesses have testified, is erroneous.

From the Spencer Circuit Court.

*C. L. Wedding, R. G. Evans, G. L. Reinhard* and *E. M. Swan,* for appellants.

*C. H. Mason* and *J. W. Laird,* for appellee.

PERKINS, J.—Suit by the appellee, against the appellants, who are the trustees of St. Bernard's Catholic Church of Rockport, Spencer county, Indiana, upon a special contract for erecting the walls of a church building.

A copy of the contract is made a part of the complaint.

The complaint consists of a single paragraph, and alleges completion of the contract on the part of the appellee, and a breach on the part of the appellants, by failing to pay, according to the contract, for the erection of the church.

Appended to this complaint on the special contract is this bill of particulars:

" St. Bernard's Catholic Church,
　　　　　　　To Philip Eigenmann, Dr.
" To furnishing and laying in the wall six hundred and thirty-three thousand six hundred and sixteen brick, at nine dollars and fifty cents per thousand, . . . . $6,020 35

Killian *et al. v.* Eigenmann.

" Extra work on said church, as ordered by the
trustees,  .    .    .    .    .    .    .    $130 00
" Interest, .    .    .    .    .    .    .    54 00

" Bal. due plaintiff,  .    .    .    .    .    $6,204 35

" PHILIP EIGENMANN."

The complaint avers, that notice of intention to hold a
lien on the property had been duly given and recorded,
and prayed a decree for enforcement thereof.

A copy of the notice was filed with the complaint.

The contract upon which the suit was brought is in words
following:

" This agreement, made this nineteenth day of January, 1875, by and between John Kerstein, Albert Killian,
John Fischer and Ignatz Quick, trustees of the St. Bernard's
Catholic Church of Rockport, Spencer county, Indiana,
of the first part, and Philip Eigenmann, of the second
part, witnesseth : That the party of the first part have employed the party of the second part to build a church
house in Rockport, Spencer county, Indiana, corner of
Elm and Sixth streets, where the foundation of said
church is now laid; the said Eigenmann to do the brickwork on said church ; the said church to be built in all
respects according to the specifications and plans drawn
up and furnished said Eigenmann this day, being the
same as the specifications and plans of the Cedar Grove,
Indiana, Catholic Church, except that an addition of one
sanctuary and two sacristies are [is] to be built in the rear
end of the main building, specifications of which are to
be furnished hereafter. The said Eigenmann is to furnish
all the materials except rock, and to do all the work, including the laying of stone and brick, and is to receive,
for his compensation, nine dollars and fifty cents per
thousand brick, after building masons' measurement. The
said Eigenmann is to commence his work on said building
not later than April 1st, 1875, and to complete the main
building of said church by August 1st, 1875, and the steeple

and entire job by September 1st, 1875. The said Eigenmann is to receive five hundred dollars of his pay, on or before April 1st, 1875, and afterward he is to receive fifty per cent. of his pay as the work progresses, inclusive of the five hundred dollars to be paid April 1st, until the completion, when he shall receive the balance. The said Eigenmann is to furnish good material, and do the work on said building in a good workmanlike manner.

" Witness our hands, this 19th of January, 1875, at Rockport, Spencer county, Indiana.

(Signed,)                 " JOHN KERSTEIN,

                       " ALBERT KILLIAN,

                       " IGNATZ QUICK,

                       " JOHN FISCHER,

" Trustees of St. Bernard's Catholic Church, Rockport, Spencer county, Indiana.

                   " PHILIP EIGENMANN."

A notice of a mechanic's lien, addressed to said trustees by name, but as trustees of said church, and to their successors in office, and to the Bishop of Vincennes, follows;

" Take notice, that I intend to hold a lien on the real estate described as follows: Commencing at the southwest corner of Out-lot No. 6, in Wm. R. Hynes' Donation to the town of Rockport, Spencer county, Indiana; running thence west one hundred and seventy-one feet, to the State road; thence north two hundred and twelve feet, along said State road; thence east one hundred and seventy-one feet, to the beginning; together with the church building situated thereon, for the sum," etc.

Dated December 14th, 1875, and signed Philip Eigenmann.

Endorsed:

" Filed 8 A. M., 15 December, 1875, and recorded in Lien Record No. 1, page 142.       L. E. RIGGS, R. S. C."

The appellants answered in three paragraphs:

1. The general denial;

2. Payment; and,

3. Denying that the work had been done according to contract, giving specifications of omissions, alleging damages resulting in an amount greater than the contract price of the work, and praying a judgment for five thousand dollars against the appellee.

Reply:

1. A general denial; and,

2. Alleging that the failure to complete the building, averred in the third paragraph of answer, was caused by the fault of appellants.

The issues in the cause were tried by a jury, who returned a general verdict of over two thousand dollars in favor of the plaintiff, and that he have a mechanic's lien, etc., and also returned with their verdict the following answers to interrogatories:

"1. How many thousand brick did the plaintiff lay in the building, according to building masons' measurement?

"Answer. We, the jury, find that the plaintiff laid five hundred and seventy-one thousand one hundred and fifty-five brick.

"2. What amount of damages, if any, have the defendants sustained on account of non-performance by the plaintiff in laying said brick according to contract?

"Answer. Not any.

"3. What amount, if any thing, is due the plaintiff for extra work?

"Answer. Nothing.

"We, the jury, find that there is due plaintiff fifty-four dollars and eight cents, as interest due on said judgment.

"ABSALOM HACKLEMAN, Foreman."

A motion for a new trial was made by the defendants, for the following reasons:

1. Excessive damages in the amount of fifty-four dollars, being the interest found due by the jury;

2. Verdict contrary to the law, and not sustained by the evidence;

3. Error of law occurring at the trial, in this, that the court refused to submit to the jury the twenty-seven interrogatories asked by the defendants, and submitted, in lieu of them, the three which were answered by the jury;

4. Permitting the plaintiff, Eigenmann, to testify, over the defendants' objections, to extra work claimed to have been done on the building, and refusing to permit George Procaskey, a defendant, to testify whether he, as one of the building committee, knew, at the time of making the contract, what the plaintiff's rule of measuring brick work was; also, in allowing the plaintiff, after both parties had introduced their evidence and rested, to recall J. K. Frick, and allow him to testify, over the defendants' objections, to his mode of measurement, and that it was the only correct one; and in permitting, in like manner, over like objections, J. D. Armstrong to be recalled, and to testify as to what was building masons' measurement, and that Frick's was correct; and that William Reynolds had told him that Frick's rule was the correct one; and,

5. Giving instructions from one to fourteen inclusive.

The motion for a new trial was overruled, and exception taken.

The only alleged error, assigned in this court, is the overruling of the motion for a new trial. This requires the court to consider and decide upon the validity of the causes assigned for a new trial.

We will notice them in the order of their assignment:

1. Interest may be allowed by the court upon trying a cause, in a case where money is due, and its payment unreasonably delayed. 1 R. S. 1876, p. 600, sec. 4.

2. The evidence is in the record, and tends to sustain the verdict, except as to the mechanic's lien. By the contract, the work was to be completed by September 1st, 1875. It was not finished by that time, owing to the fault of the defendants; but it appears to have been finished by the 1st of October, at least; and the burden was upon the plaintiff to show when it was completed,

Killian *et al. v.* Eigenmann.

in order to show that his notice of lien was filed within sixty days thereafter. The notice was filed on the 15th of December, 1875, which was too late. See 2 R. S. 1876, p. 268, sec. 650, and notes.

Whether the verdict is shown to be illegal, will appear from what will be said hereafter.

3. The court may refuse to submit interrogatories to the jury, which are asked to be answered by them absolutely, and not in the event that they return a general verdict. *Hopkins* v. *Stanley*, 43 Ind. 553. The court may direct a jury to answer interrogatories propounded of its own motion. See *Weatherly* v. *Higgins*, 6 Ind. 73. But abuse of this power might be error.

4. The plaintiff had incorporated in his bill of particulars filed an item for extra work. The defendants did not, as they should have done, move to have it struck out. As the complaint was upon the special contract alone, the claim for extra work should have been set forth in an additional paragraph for work and labor done, etc. This suit was not commenced before a justice of the peace. But as the jury disallowed this item of his claim, it does not appear that the defendants suffered any harm by the error, if error it was, in permitting the testimony of the plaintiff touching this item.

The defendants asked witness Procaskey this question, "Are you acquainted with the rule for measuring brick work, followed by the plaintiff, on buildings he put up here, in Rockport, about the time of making this contract, and if so, state what his custom is?"

On objection, the court refused to permit the question to be answered, and the defendants excepted. The contract sued on provided that the quantity of brick for which plaintiff was to be paid should be determined by masons' measurement; and the testimony on the trial tended to show that there was not uniformity in the manner of measuring, by what was termed masons' measurement; and we suppose the excluded question was asked with

the view of proving, that, before the trustees made the contract sued on, Eigenmann had erected buildings in Rockport, and had measured them by some kind of masons' measurement, and that the trustees might be supposed to have contracted, in this case, with a view to that rule. But the question does not fix the time when the buildings referred to were erected. They might have been erected after the contract, in this case, was made, and still been within the question; and the question calls for his rule of measurement at the time of the trial of this cause. The parties against whom the ruling was made do not show that they, were injured by it. *Cones* v. *Binford,* 54 Ind. 516, is in point. See, also, *The Toledo, etc., R. W. Co.* v. *Goddard,* 25 Ind. 185 ; *Chamncss* v. *Chamness,* 53 Ind. 301, and numerous cases cited ; *Mitchell* v. *Chambers,* 55 Ind. 289 ; *Graeter* v. *Williams,* 55 Ind. 461. As to permitting witnesses to be recalled, the court has a discretion in this matter, and we can not say that it appears to have been abused in this case.

The court did err in permitting J. D. Armstrong to testify to the statements of William Reynolds, as to the character of Frick's rule of masons' measurement. It was hearsay testimony, and upon an important and controverted point. The jury found specially that the defendants were not entitled to recover on their answer, by way of counter-claim, for damages. This finding was upon the two issues made by the reply to this paragraph of answer :

1. A general denial;

2. That the damages were occasioned by the fault of the defendants.

We say nothing as to the form of pleading in the case. We look to the substance alone. We think, if the delay and damage complained of were caused by the fault of the defendants, the finding of the jury on these issues may be upheld.

We turn now to the instructions of the court.

Number eight follows:

" Mr. Frick states that he is an architect, and that he measured the brick work, and it contains 634,706. Mr. Bellamy states that he is an architect, and that he measured the same brick work, and that it only contained 478,768, making a difference between these two measurements of 145,938. It is for you to say, after carefully considering the evidence of Mr. Frick and Mr. Bellamy, the architects, and all the other evidence of the other witnesses, as to the number of brick laid in building said church, and, from the evidence, say what number of brick was laid by plaintiff in building said church.

" Given and excepted to.

" WEDDING & EVANS,

" REINHARD & SWAN,

" For defendants."

This instruction is erroneous. It states positively to the jury what the testimony of witnesses was upon a material point. It was not for the court, but for the jury, to say what the testimony of the witnesses was. And the latter part of the instruction does not cure the error in the former; for, while it says to the jury that they are to determine the particular fact in dispute, of which he was speaking, from the testimony of all the witnesses touching it, the court had assumed to tell them positively what the testimony of two of the witnesses was, and upon which they might have felt bound to act, as being the testimony of those witnesses.

There are other alleged errors insisted upon, but they will not probably be repeated on another trial.

The judgment is reversed, with costs, and the cause is remanded for further proceedings, in accordance with this opinion.