Senhenn v. The City of Evansville.

No. 17,105.

SENHENN v. THE CITY OF EVANSVILLE.

INTERROGATORIES TO JURY.—*Court Submitting Interrogatory.*—The court of its own motion may submit interrogatories to the jury.

HARMLESS ERROR.—*Bad Paragraph.—Interrogatory Showing Verdict Based on Good Paragraph.*—If an interrogatory show that the general verdict is based upon a good paragraph of the complaint, error committed in overruling a demurrer to a bad paragraph of such complaint is immaterial.

MUNICIPAL CORPORATIONS.—*Obstructions in Street.—Liability of City.*— A city which permits an obstruction to remain an unreasonable length of time upon its streets or sidewalks, until the presumption arises that it had notice of such obstructions, is liable therefor to the same extent as if it had itself placed the same there in the first instance.

SAME.—*Burden to Show Excuse for Maintaining Obstructions in Street.*— Where an injury is occasioned by an obstruction in a street, and the city is sued to recover damages for the injury, the burden rests upon it to show an excuse for the maintenance of such obstruction.

SAME.—*Presumption Concerning Obstructions.*—The presumption is that an obstruction placed in a street is wrongfully placed and permitted to remain there.

SAME.—*Right to Place Building Material in Street.—Permit.*—The right to place building material in the street exists only in case of necessity and after the taking of due precautions not to injure any person lawfully using the street. Neither the person erecting the building nor the city itself can escape liability simply by the issuance of a permit to place building materials upon the street.

From the Vanderburgh Superior Court.

*J. E. Williamson*, for appellant.

*G. A. Cunningham*, for appellee.

HOWARD, J.—This was an action brought against the city of Evansville for injuries alleged to have been caused to the appellant when a child four years of age by reason of the falling upon her of a pile of lumber placed in a street of said city.

The complaint was in two paragraphs, but the jury,

by their answer to an interrogatory, showed, in effect, that their verdict was under the second paragraph only.

The interrogatory so answered was not submitted to the jury at the request of either party, but by the court on its own motion. This, it is argued, was error. We are of the opinion, however, that, in the exercise of its discretion, subject to review, as in other cases, the court may prepare and propound to the jury proper interrogatories, to be returned with a general verdict. *Killian* v. *Eigenmann*, 57 Ind. 480; *Louisville, etc., R. W. Co.* v. *Worley*, 107 Ind. 320.

The first paragraph of the complaint charged that the lumber was piled in the street by the city itself. The interrogatory submitted by the court, whether the lumber was placed in the street by any officer, agent or employe of the city; that is, substantially, whether the jury found under the first paragraph of the complaint, was, as we think, one proper to be propounded to the jury.

The other alleged errors discussed relate chiefly to the giving and refusing of certain instructions.

In the third instruction given, at the request of the appellee, the jury were told: "It is not claimed in the complaint that the fact that the lumber was in the street constituted negligence, and that of itself is not sufficient to charge the defendant with negligence."

The fifth instruction given was to the like effect: "The jury should, in connection with the other instructions given by the court, bear in mind the fact that the cause of the injury complained of is alleged in the complaint to have been the manner in which the lumber was piled, and unless the injury was caused by the negligent manner in which it was piled, she cannot recover, no matter by whom, nor for what purpose, nor for what length of time it was placed there."

There seem to us to be two errors in these instructions, one of fact and one of law.

We think it is claimed in the complaint "that the fact that the lumber was in the street constituted negligence." We also think that, of itself, is "sufficient to charge the defendant with negligence."

In the second paragraph of the complaint, "plaintiff avers that the said defendant negligently and carelessly caused or suffered the said street to become and remain obstructed in this, to wit: By a certain pile of heavy lumber which was then and there thrown in and upon the street at the point aforesaid, and so remained for thirty days, of which the defendant then and there had notice."

Because it is also alleged in the complaint that the lumber "was negligently and carelessly piled so that the same was liable to fall over on the sidewalk," it surely does not follow that the act of piling lumber on a public street of the city was not, of itself, an act of negligence.

As said by WORDEN, J., in the well considered case of *Wood* v. *Mears*, 12 Ind. 515: "The general proposition needs the citation of no authorities in its support, that a person who, without fault or negligence on his own part, receives a bodily hurt, or suffers a damage to his horse or carriage, in consequence of a direct collision with an obstruction in the highway, is specially damnified, and may maintain an action against the author of the obstruction."

There is no question in the case before us of any fault on the part of the appellant, a child four years old, contributing to her own injury.

Neither could it be questioned that a city which suffered an obstruction to remain for an unreasonable length of time upon its streets or sidewalks, so that the city might be presumed to have notice of the obstruction,

would be liable therefor to the same extent as if the city had itself placed the obstruction upon the highway in the first instance. *Glantz* v. *City of South Bend*, 106 Ind. 305; *Bullock* v. *Mayor, etc.* (N. Y.), 2 N. E. Rep. 1, and notes.

While it is not doubted that streets and sidewalks may, when authorized, be temporarily occupied for private purposes, or for the purposes of the city in the repair of the streets; yet, as said in *State* v. *Berdetta*, 73 Ind. 185, "even with respect to temporary use of such streets, it must be borne in mind that it may go to the extent of becoming a public nuisance."

The primary and principal use of a street, "from side to side and from end to end," is for public travel. If this primary use is at any time or for any purpose interrupted, the necessity for such interruption must be made to appear by the one that caused it. It must also, by such party, be made to appear that while such obstruction was so permitted, it was made with the least danger to public travel, and was at all times properly guarded.

It is not absolutely true, therefore, as said in the fourteenth instruction given to the jury, at the request of appellee, that "persons building or repairing buildings have a right to use the street as a depository for building material for a reasonable length of time." Such right can exist only in case of necessity, and after the taking of due precautions not to injure any person lawfully using the street for public travel. Neither the person so erecting a building nor the city itself can escape liability simply by the issue of a permit to place building materials upon the street. *City of Indianapolis* v. *Doherty*, 71 Ind. 5.

Neither is it true absolutely that a city or one of its officials or contractors can occupy the public streets for

the storage of lumber or other material to be used in the repair of streets. The city should have its lumber or storage yard for such purpose, and only such material as may be needed for the repair of any particular street should be brought there, not to be piled up in the street but to be put into the street where needed. Even then, the work should be properly guarded, and, if need be, the street itself should be closed to public travel until the repairs are made.

It appears to us that the instructions given to the jury, when taken together, were calculated to leave the erroneous impression that the city might place or suffer any obstruction on its streets, provided it did not know such obstruction to be actually dangerous to public travel, and that therefore there was no negligence in this case in suffering the lumber to be placed upon the street, unless the city had notice that it was piled there in a dangerous manner. The piling of the lumber in a dangerous manner was, however, but an aggravation of the original wrong in suffering it to be placed upon the street in the first place. There was negligence, *prima facie*, in suffering the lumber to be piled upon the street; there was additional negligence in suffering it to be piled there in a careless and dangerous manner.

If there was any sufficient reason why the lumber was rightfully in the street, that was for the appellee, city, to show. The presumption is that an obstruction in the public highway is there wrongfully.

The judgment is reversed, with instructions to grant a new trial.

Filed Apr. 2, 1895.