R. J. KNIGHT, *Plaintiff in Error,* v. D. H. DUNN AND S. D. DUNN, COPARTNERS UNDER THE FIRM NAME OF D. H. DUNN & SON, *Defendants in Error.*

1. A court, under R. S. 1043, may order amended a single plea which sets up partial payment and a set-off as to the balance in the form of common counts without a bill of particulars; blending the two independent *pro .tanto* pleas tends to confuse the issues and make the pleading duplicitous.

2. Where the court on a motion to strike a plea and to enter default, declines to strike but simply orders the plea amended by a certain time, it is not proper for the clerk, without further order, to enter a default as for want of a plea, after the expiration of that time.

This case was decided by Division B.

Writ of error to the Circuit Court for Citrus county.

The facts in the case are stated in the opinion of the court.

*H. L. Anderson* for plaintiff in error.

*Neil M. Allred* for defendants in error.

COCKRELL, J.—To a declaration on a promissory note, the plaintiff in error as defendant below filed a plea as follows: "In the Circuit Court, Citrus County, Florida, to-wit:—*D. H. Dunn & Son v. R. J. Knight.* Comes defendant in this action and says that before the suit was begun the promissory note sued on was by defendant paid off and discharged, excepting the sum of one hundred and ninety-three dollars, and as to the balance defendant says that at the time action was begun the plaintiffs were indebted unto the plaintiff (*sic.*) in the sum in excess of said balance for moneys at that time due from the plaintiffs to the defendant, and in a like sum for moneys had and re-

ceived by the plaintiffs to the defendant's use, and in a like sum for moneys found to be due from the plaintiffs to the defendant on an account stated between them, and defendant says that the plaintiffs ought not to have and further maintain their said action against him, and this the defendant is ready to verify.

LLOYD & LLOYD and

H. L. ANDERSON,

for Deft.

The State of Florida,————County.

Comes defendant in this action and having by me first been duly sworn says the foregoing pleas are true.

(Signed) R. J. KNIGHT.

Sworn to and subscribed before me September————, 1901.           (Signed) W. F. WARNOCK, *Clerk,* (Circuit Court Seal)     By W. C. ZIMMERMAN, *D. C."*

The plaintiffs moved to strike the foregoing from the files and for a judgment by default as of the rule day in September, 1901, and for such further order as might be proper, on the stated grounds that said plea is wholly insufficient as a plea or pleas and is so drawn as to prejudice, embarrass and delay the fair trial of the cause; that the same is not signed by counsel nor is it sworn to as required by law. On the hearing thereof, October 29, 1901, it was adjudged "that the motion to strike said plea and enter a default as of the September rule day is denied," but it was "considered by the court that the plea or pleas now on file in the cause are so framed and drawn as to embarrass, hinder and delay the fair trial of the action and not to advise plaintiffs of what defense is intended to be relied on by the defendant, it is therefore ordered that the defendant amend his plea or pleas in this cause, setting up partial payment and set-off, or such defense as he is advised is necessary and proper to his defense, in proper separate pleas, and that such amendments be filed in the office of the clerk of this court within ten days from the date of this order, and to furnish copy of the same to the plaintiffs' at-

torney prior to the filing of such plea or pleas as amended."
The defendant failed to file any plea within the ten days, and
on November 9, 1901, the clerk entered the following: "Come
the plaintiffs, by Neil M. Allred, their attorney, and move
for default judgment herein against defendant for failure
to file amended pleadings herein as required by the order of
the court herein on plaintiffs' motion to strike defendant's
plea, and it appearing that the defendant is in such default,
it is ordered that default judgment be and the same is hereby
taken and entered against defendant R. J. Knight, in favor
of plaintiffs, D. H. Dunn & Son, and they are allowed to
proceed *ex parte*. Done at Inverness, Florida, this 9th No-
vember, 1901.

(Signed) WALTER F. WARNOCK,<br>
*Clerk Circuit Court.*"

Four days thereafter the clerk, at the plaintiffs' request,
entered judgment final consequent upon this default and the
production of the promissory note, for the full amount of
said note and for costs. To review the judgment the
defendant prosecutes this writ of error.

There was no error in the holding that the plea was so
framed as to embarrass, hinder and delay the fair trial of
the action, and so framed as not to advise the plaintiffs of
the nature of the defense intended to be relied on. The plea
is single in form, but made up of two separate and independ-
ent defenses, each of which might be made a good plea *pro
tanto;* blending them together would tend to confuse the
issues and make the pleading duplicitous. Much of the plea
is in the nature of a set-off without a bill of particulars,
and this court has held that such plea must be specific and
is not sufficient if it set up a set-off in general terms. The
plea before us, however inartificially drawn, pretends to set
up payment as to part of the amount sued for and a set-off
as to the balance. The court in its judgment declined to
strike the plea and enter default, but ordered the defendant
to amend within ten days under R. S. sec. 1043. We do not
doubt that the court could properly, upon a showing that no

amendment has been made, have then ordered the first plea to be stricken and have entered a default on failure to . file the amendment, as for want of a plea but it was not proper for the clerk to do so, as the plea was still on file, so far as he was advised by the court's order, and there was no direction in said order to him to entertain a motion for default in the event no amendment was filed. See *Mickler v. Reddick,* 38 Fla. 341, 21 South. Rep. 286.

The default was prematurely entered, and the judgment final based thereon must be reversed, with directions to vacate the default and for further proceedings according to law.

CARTER, P. J., and MAXWELL, J., concur.

TAYLOR, C. J., and HOCKER and SHACKLEFORD, JJ., concur in the opinion.