MARIE A. RINGLER, Individually, GEORGE F. TROMMER and Another, as Trustees of and under the Last Will and Testament of WILLIAM G. RINGLER, Deceased, Respondents, *v.* CHRISTIAN E. JETTER and Another, Defendants, and J. EDWARD JETTER and Others, Appellants, Individually and as Officers and Directors of GEORGE RINGLER & COMPANY, Impleaded with Another, Defendant. (No. 1.)

First Department, November 2, 1923.

Pleadings — corporations — stockholders' representative action against directors — only one cause of action stated in complaint — allegation as to depreciation of plaintiffs' holdings and failure to pay dividends should be stricken out as irrelevant — allegation of conclusions improper — amended complaint should be served since it is impossible to separate conclusions from facts.

In a stockholders' representative action against directors based on alleged misconduct by the directors in the management of corporate property, in which several kinds of relief were demanded, only one cause of action was stated and, therefore, a motion to compel the plaintiff separately to state the causes of action was properly denied.

The allegations in the complaint as to the depreciation in value of plaintiffs' individual holdings of corporate stock and the failure to pay dividends thereon is no part of the cause of action and should be stricken out as irrelevant.

Inasmuch as the plaintiffs have alleged throughout the complaint various conclusions and have intermingled said conclusions with statements of fact in such a manner as to make it impossible to separate the conclusions from the facts, the plaintiffs should serve an amended complaint omitting said conclusions.

APPEAL by the defendants, J. Edward Jetter and others, from an order of the Supreme Court, made at the New York Special

Term and entered in the office of the clerk of the county of New York on the 7th day of September, 1923, denying their motion to compel the plaintiffs to serve an amended complaint.

*Holley & Oxenberg* [*Myle J. Holley* of counsel], for the appellants.

*Phillips, Leibell & Fielding* [*Vincent L. Leibell* of counsel; *Paul F. Lorzer* with him on the brief], for the respondents.

McAvoy, J.:

The motion was to separately state causes of action said to be combined in one statement, and to strike out redundant and immaterial matter.

The complaint, although very much more articulate and wordy than is necessary for its purpose and very far removed from a plain and concise statement of facts constituting the cause, is merely a stockholders' action against alleged derelict directors, asking for various kinds of relief common to defendants, and in one instance relating to an alleged fraudulent transfer to an individual defendant by asserted conniving directors. The first branch of the motion was, therefore, properly denied.

There are doubtless numberless irrelevant and redundant allegations in the complaint which require expunging as having no bearing upon the controversy, and their mere reading indicates that paragraphs Nos. 16, 17 and 30 should go out because they relate wholly to the depreciation in value of plaintiffs' individual holdings of corporate stock and the failure of payment of dividends thereon. These are not part of the damages to the corporate body and have no legitimate place in this sort of an action.

Nor are the paragraphs which have some semblance of relation to the grievances of plaintiffs properly worded, as befits a good pleading. They contain numerous allegations of the pleader's conclusion of the betrayal of duty and gross neglect in office, malfeasance, misfeasance, misappropriation, conversion, destruction of credit by acts of the defendants, and averments that the recited conduct of the business constituted illegal and fraudulent acts of these directors, which recitals add nothing to the facts, except invective of a conclusory sort. These matters are so interpleaded in the complaint as to be impossible of separation from the context, and a proper remedy for their presence is to order the drafting and serving of an amended complaint wholly omitting these matters of conclusory import and confining the allegations to that plainness and conciseness of statement which sections 241 and 255 of the Civil Practice Act and rules 90 and 103 of the Rules of Civil Practice demand.

The order should be reversed, with ten dollars costs and dis-

First Department, November, 1923. [Vol. 206

bursements and the motion granted to the extent of directing the service of an amended complaint omitting paragraphs 16, 17 and 30, and all conclusory matter of the nature pointed out herein.

CLARKE, P. J., DOWLING, FINCH and MARTIN, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted to the extent indicated in opinion. Settle order on notice.