WILLIAM E. PITTS *v.* HOWE SCALE CO. ET AL.

May Term, 1938.

Present: MOULTON, SHERBURNE, BUTTLES and STURTEVANT, JJ.

Opinion filed October 4, 1938.

*J. Boone Wilson, Charles F. Black* and *Willsie E. Brisbin* for the defendants.

*Asa S. Bloomer* for the plaintiff.

BUTTLES, J. This case originated in a claim by the plaintiff against the defendants for benefits under the Workmen's Compensation Law. No agreement having been reached by the parties the claim was heard on May 16, 1936, by a special deputy commissioner of industries and as a result findings were filed on June 17, 1936, to the effect that the claimant had been injured substantially as claimed by him, by accident arising out of and in the course of his employment by the defendant scale company, and that he had suffered total disability as a result thereof. An award was made of medical benefits and of compensation at the rate of $8.01 per week during the time that such total disability might continue, commencing as of January 14, 1936. It appears that a further hearing was held by the commissioner on December 30, 1936, on the question of continuation of disability and as a result finding was made that total disability resulting from the accident had not then ended and it was ordered that payments of compensation be continued in accordance with the original award. It appears that these orders were acquiesced in by the parties without appeal, and payments were made pursuant thereto. The case was further heard by the commissioner on August 13, 1937. The commissioner's notice of this hearing was

dated August 3, 1937, and contains this recital: "This case is again set for hearing at the request of the insurance company under and by virtue of P. L. 6546, only for the purpose of determining the extent of the employee's disability, if any, at the present time." On August 24, 1937, the commissioner made a finding to the effect that the disability from which the claimant was then suffering was due to causes other than the accidental injury of January 6, 1936, and ordered that compensation previously awarded end as of July 6, 1937. From this decision and findings the claimant appealed to Rutland county court and in his notice of appeal set up eight questions as the ones from which appeal was taken. These questions are identical with the questions subsequently certified by the commissioner to the court for review in accordance with the requirement of P. L. 6549 and read as follows:

"1. The finding that the original compression fracture of the first lumbar vertebrae (sic) has been healed, and that his present physical disability is due to arthritis and a severe dorsal round back, neither of which conditions has any connection with the original compression fracture.

"2. The order that compensation previously awarded end as of July 6, 1937.

"3. The action of the commissioner in going beyond the issues of the case, the citation and notice in said case being only for the purpose of determining the extent of the employee's disability, if any, at the present time, namely August 3, 1937.

"4. The dismissal of the case.

"5. The failure of the commissioner to order and award compensation for partial disability.

"6. The failure of the commissioner to order and award a continuance of payments of compensation in some form.

"7. The failure of the commissioner to order the present order of payments to start.

"8. The amount of compensation due and to become due."

In compliance with county court rule 7, par. 2, the appellant filed six objections to the decision of the commissioner, the substance of which was that he had suffered compensable disability beyond July 6, 1937, and therefore should be awarded compensation for such disability, total or partial, temporary or permanent, as the case might prove, after that date. No question is raised regarding these objections and we do not further consider them except to say that the rule referred to having been promulgated prior to the enactment of the 1923 amendment which is now P. L. 6549 it is our view that the issues raised by the questions certified by the commissioner under this section can be narrowed but cannot be enlarged by such objections filed under the rule. Probably greater clarity might be secured by amendment of this rule.

Trial was had by jury in county court. No instruction for a general verdict was submitted to the jury and it seems apparent that under the statute a general verdict would have been impossible. A special verdict was returned by the jury which had been instructed by the court to answer the two following questions: "(1) Has claimant's total disability, caused by the accident of January 6, 1936, ceased? (2) Is the claimant, at the present time, partially disabled because of the accident, of January 6, 1936?" The jury answered the first question "No" and returned no answer to the second question, which was in accordance with the court's instruction and was obviously correct since a negative answer to the first question made it unnecessary to answer the second.

From the special verdict so rendered and judgment entered thereon the defendants come to this court on bill of exceptions. The defendants, in their brief, restrict themselves to one ground of claimed error by the trial court which they state in the following language: "The single question involved in this cause is whether or not the Rutland County Court erred in disregarding the certificate of the Commissioner of Industries, framing its own questions and submitting them to the jury."

We need spend little time with defendant's contention that no questions were certified to the court by the commissioner because none of the so-called questions certified was in interrogative form. One definition of question given by Webster's New International Dictionary is "a subject or point

of investigation, examination or debate; theme of inquiry; problem; matter to be inquired into; as a delicate or doubtful question.'' It is a matter of common knowledge, of which we take judicial notice, that a question for debate is frequently stated in the form of a resolution. For one illustration—of which a great many might be cited—of the use of the word ''question'' in the sense above indicated, see *In re Stevens and Adams et al.*, 74 Vt. 408, 411, 52 Atl. 1034. We remark, however, in passing, that in our opinion it would be better practice to certify such questions to the court in interrogative form and would tend to obviate doubt as to the exact issues intended to be raised.

 In this case the questions certified to the court certainly are indefinite and doubtful as to their exact scope and meaning. In such appeal cases we do not think the trial court is required to speculate on the meaning and scope of questions certified by the commissioner when those questions are so vague that their meaning and scope cannot be determined with certainty. It has been held in a number of jurisdictions that where a pleading is so indefinite or uncertain that the precise nature of the charge or defense is not apparent, the trial court, in the exercise of a sound discretion, may by order require an amendment to cure this defect, and further that this is an inherent power of the court not dependent upon code or statutory provision therefor. Bowers, Judicial Discretion of Trial Courts, p. 145; 49 C. J. 468; *Hammers* v. *Southern Express Co.,* 80 Fla. 51, 85 So. 246; *Florida East Coast Ry. Co.* v. *Knowles,* 68 Fla. 400, 67 So. 122; *Knight* v. *D. H. Dunn & Son,* 47 Fla. 175, 36 So. 62; *Joyce* v. *Rubin,* 23 Idaho, 296, 130 Pac. 793; *DeCelles* v. *Casey,* 48 Mont. 568, 139 Pac. 586; *Ringler* v. *Jetter,* 206 App. Div. 478, 201 N. Y. S. 523. In the type of case here under consideration there are no pleadings, but the certificate of the commissioner takes the place of the declaration in an ordinary action, and there is the same reason why the court should have the power to require clarification of the issues. We think the court has this power and that in a proper case, in the exercise of a sound judicial discretion, it may order the certified questions returned to the commissioner to be so amended that the questions of fact to be retried may be made definite and certain. In order to accomplish this a continuance of the case would, no doubt, usually be necessary.

■ In the present case, however, the court elected to try to submit the case to the jury on the basis of the questions that had been certified. The question before us is whether it succeeded in this attempt. It is apparent that it would be impossible for the court to submit to the jury the questions certified in the form in which they had been certified with any hope of getting satisfactory verdicts thereon. Some interpretation for the benefit of the jury was necessary if this course was to be followed.

The statutory provision governing appeals from decisions of the commissioner of industries to county court has never previously been before this court for consideration. So great is the diversity among the compensation laws of the various states that adjudications from other jurisdictions are of little or no value as precedents here. Probably the Workmen's Compensation Law of Maryland bears a closer resemblance to our own than any other in giving a right of appeal to a court on facts found by a commission or a commissioner, and in the procedure required to be followed to obtain a jury trial of such facts. Section 56 of the present compensation law of that state, Code Pub. · Gen. Laws Supp. 1935, art. 101, § 56, after providing for a proceeding ''in the nature of an appeal'' to the circuit court of the county or the common law courts of Baltimore City by any person feeling aggrieved by any decision of the commission, further provides, *inter alia,* that ''upon the hearing of such an appeal the court shall, upon motion of either party filed with the clerk of the court according to the practice in civil cases, submit to a jury any question of fact involved in such case.'' We shall later refer to a few Maryland cases construing this statute.

■ ■ Number 164 of the Acts of 1915 was the first workmen's compensation law of Vermont. Except for certain minor changes not here material section 36 of that act providing for appeals to county court is identical with the present law found in P. L. 6548. Section 10 of No. 173 of the Acts of 1917 provided, in effect, that neither the commissioner of industries nor a court to which an appeal might be taken should be bound by common law or statutory rules of evidence or by technical or formal rules of procedure except as provided by the act itself. In 1919 this provision was so amended as to apply only to proceedings before the commissioner. It is quite apparent that the provision of the original act governing appeals contemplated a

retrial of the entire case *de novo* in county court, the procedure being similar to that followed in appeals from proceedings before a justice of the peace. That this was so is, apparently, conceded by the appellant. The then existing law regarding appeals to county court was amended by section 1 of No. 106 of the Acts of 1923 by adding thereto language which has now become P. L. section 6549. The material part of this section, so far as this case is concerned, reads thus:

> "The jurisdiction of said court shall be limited to a review of questions of fact or questions of fact and law certified to it by said commissioner and upon completion of the case in county court, either after trial or upon remand from the supreme court, the clerk shall certify the findings of the court to said commissioner who shall make a new order in accordance therewith," etc.

That the review contemplated by this section is a retrial of the questions certified is apparent from the fact that the law contains no provision for bringing before the court the evidence previously adduced before the commissioner. We think it was the plain intent of this enactment to limit the county court to the retrial of those issues the previous decision of which was unsatisfactory to one of the parties and thus save the waste of time and expense involved in retrying those facts which had already been satisfactorily determined. The amendment was obviously also intended to provide a more definite procedure to be followed upon completion of the county court trial. This section does not authorize the certification of questions of law to county court but only questions of fact or mixed questions of fact and law. For instance the question "What were the average weekly wages of the employee for twelve weeks prior to injury?" is a question of fact, but the question "What is the correct weekly rate for payment of compensation during total disability?" is no doubt a mixed question of fact and law.

The defendants contend, quite correctly, that on this appeal the jurisdiction of the county court is limited to considering the questions certified by the commissioner. The statute so provides. It does not follow, however, that such ques-

tions must be submitted to the jury in the exact language used by the commissioner. The language to be used in instructing the jury, provided the subject-matter is fully and correctly covered, is within the control of the trial court. *Holbrook and Fessenden* v. *Hyde,* 1 Vt. 286. Moreover, the answers of the jury to the questions submitted must be taken by special verdicts. In *Spaulding* v. *Robbins,* 42 Vt. 90, it is said, referring to the action of the trial court in requiring special verdicts from the jury: "The plaintiff complains that there is some irregularity in this mode of trial, but we understand that it is always competent for the court to require the jury to find separately on each issue of fact presented by the evidence." See, also, *Hogle* v. *Clark,* 46 Vt. 418. It has been quite generally held that even where there is no request therefor from either party the trial court has authority of its own motion to require the jury to answer special interrogatories, unless by statute the jury is limited to a general verdict. *Barstow* v. *Sprague,* 40 N. H. 27; *Simms* v. *Stark Elec. R. Co.,* 6 Ohio App. 264; *Senhenn* v. *Evansville,* 140 Ind. 675, 40 N. E. 69; *Miller* v. *Conn. Co.,* 112 Conn. 476, 152 Atl. 879; *Pennsylvania R. R. Co.* v. *Stegaman,* (6th Cir.) 22 Fed. (2d) 69. This, of course, assumes that the subject matter of the special interrogatories is material to the issues on trial. It must also be true that the court has authority, and it would be its duty, to disregard questions which are not within the statutory authority of the commissioner to certify, either because they are pure questions of law or for other reason. Here the Maryland cases are somewhat in point. In *Dickson Construction & Repair Co.* v. *Beasley,* 146 Md. 568, 126 Atl. 907, the court granted a motion of the employer and insurer to submit three issues for the consideration of the jury, but after the evidence was concluded the court struck out two of the issues and submitted only the third question to be answered by the jury. Held, no error, because the third issue sufficiently defined the ultimate question of fact to be decided by the jury and comprehensively covered all of the contentions of the defendants, while the other two issues, if submitted, would have been confusing and misleading. But in *Standard Gas Equipment Corp.* v. *Baldwin,* 152 Md. 321, 136 Atl. 644, it was held error not to submit to the jury the second issue requested, because the element of injury by accident was not elsewhere included in the

issues submitted. In *Gold Dust Corp.* v. *Zabawa,* 159 Md. 664; 152 Atl. 500, 503, it is said: "The comprehensive question whether the commission was justified in the decision appealed from is the whole case before the court" (under the Maryland procedure) "rather than a question of fact involved in it." Other Maryland cases in which the right of the court on appeal. to amend or to omit some portion of the questions requested to be submitted are *Saf-T-Cab Service* v. *Terry,* 167 Md. 46, 172 Atl. 608; *Greenwald* v. *Powdermaker,* 170 Md. 173, 183 Atl. 601.

The first question certified by the commissioner in the present case no doubt could be interpreted as a question of law, i.e., whether the finding of the commissioner was supported by evidence. We think it may also be interpreted, as the court did, as a request for a retrial of the fact of continuance of disability. This interpretation becomes the more probable one when it is remembered that the law question suggested could only be answered by reference to the evidence submitted to the commissioner and, as already noted, the statute contains no provision for the presentation of that evidence to the court.

The defendants excepted to the submission by the court of the question regarding continuance of disability in the present tense, since it resulted in a finding of disability as of the date of trial in county court rather than the prior date to which the commissioner's finding related. However, they have not briefed that exception and we therefore do not consider it. The defendants concede that the second question submitted by the court, which the jury did not answer, need not be considered here.

The defendants' discussion of appeal on certified questions and the eminent authorities cited which are concerned with appeals to an appellate court on questions of law are not, we think, applicable to the situation here.

The remaining seven questions certified by the commissioner seem to raise only questions of law. The exact meaning intended by most of them is doubtful. The eighth question asks the court to determine the amount of compensation to become due in the future which would be impossible for any tribunal in a case of continuing temporary total or temporary partial disability. If the purpose of this question is to request a retrial of the entire case we think it is manifestly contrary to

the intent of P. L. 6549. We are unable to discern, in the questions certified, any question of fact which is not included in the first question submitted to the jury. If there were any additional questions of fact that were erroneously omitted we fail to see how these defendants could have been harmed by not being exposed to the hazard of adverse answers thereto, or how their position could have been improved by favorable answers.

We find no error in the court's submission of the case to the jury.

*Judgment affirmed.*