**Derek LORRAIN v. LORRAIN CARPETS,**
**Atlantic Mutual Insurance Company, Peerless Insurance Company and Aetna Life and Casualty Company**

[705 A.2d 536]

No. 95-610

September 30, 1997. Claimant Derek Lorrain was denied workers' compensation for a back condition that resulted in a diskectomy and spinal fusion surgery in 1991. Claimant alleged that the back condition resulted from a 1985 accident that occurred while he was working for Derek Lorrain Carpet Installers, Inc., a business he owned and operated. The Commissioner of Labor and Industry concluded that claimant was collaterally estopped from claiming causation between the 1985 accident and the 1991

condition because of the jury verdict in a tort suit he brought against the owners of the home where the carpet was installed and where the 1985 accident occurred. Claimant first appealed to the Chittenden Superior Court, which dismissed his claim for lack of jurisdiction. Claimant then appealed to this Court. We conclude that we can reach the merits of this appeal and affirm the decision of the commissioner.[*]

The workers' compensation carrier at the time of the accident was Aetna Life and Casualty Company. In response to the claim, Aetna moved for summary judgment based on the jury verdict in the tort suit. In August 1995, the commissioner granted summary judgment to Aetna based on defensive collateral estoppel. Claimant appealed the commissioner's decision to Chittenden Superior Court pursuant to 21 V.S.A. § 670. On November 7, 1995, the superior court granted Aetna's motion to dismiss on the ground that the appeal raised a pure question of law for which the superior court lacked subject matter jurisdiction. On November 28, 1995, claimant appealed to this Court from both the August decision of the commissioner and the November decision of the superior court. Aetna argues that the appeal from the commissioner is untimely and that the jurisdictional decision of the superior court should be affirmed.

We agree with Aetna that the applicability of collateral estoppel to a given set of facts is a question of law. See, e.g., *Emich Motors Corp. v. General Motors Corp.*, 340 U.S. 558, 571 (1951); *Rapoport v. Tesoro Alaska Petroleum Co.*, 794 P.2d

949, 951 (Alaska 1990). Because the superior court's jurisdiction extends only to "questions of fact or questions of fact and law," 21 V.S.A. § 671, that court has no jurisdiction over questions that are purely legal. See *Pitts v. Howe Scale Co.*, 110 Vt. 27, 35, 1 A.2d 695, 698 (1938). We therefore affirm the superior court's dismissal of the appeal for lack of subject matter jurisdiction.

Aetna contends that claimant's appeal of the commissioner's August 3 decision was not timely filed in this Court. See V.R.A.P. 4 (appeal must be filed within thirty days of entry of judgment appealed from). In workers' compensation cases, however, we may grant leave to enter an untimely appeal where the appellant "has been prevented by fraud, accident or mistake from taking or entering an appeal within the time allowed by law." 21 V.S.A. § 673. Because of the lack of prejudice to Aetna, and the technical reason for the untimely filing, we exercise our discretion under the statute to allow the appeal.

The merits of this appeal depend upon the effect of the jury verdict in *Lorrain v. Ryan*, the tort suit against the homeowner. Although claimant prevailed in that case, he appealed to this Court arguing that the damage award was inadequate and the court erroneously charged the jury on damages. See *Lorrain v. Ryan*, 160 Vt. 202, 628 A.2d 543 (1993). We upheld the award, relying in part on our understanding of what the jury decided:

> Defendants' expert testified that the accident resulted in only a temporary increase in plaintiff's symptoms, and that plaintiff's continuing physical problems were due solely to the degenerative [arthritis] condition, which he described as permanent and likely to worsen over time.... The jury award covered all of the medical expenses incurred during the July 1985 to August

---

[*] Claimant also made claims for two other injuries, each involving a different workers' compensation carrier. Both of these carriers were originally involved in this appeal, one by way of cross-appeal, but these claims have now been settled and are no longer before use.

1986 period, and none thereafter. Thus, the jury apparently concluded that 100 percent of plaintiff's damages incurred in the thirteen-month period were attributable to the accident and all damages incurred after August 1986 were attributable to the preexisting condition or later accidents.

Plaintiff was awarded damages for medical expenses, pain and suffering, mental anguish, loss of enjoyment of daily activities, and lost earnings to August 1986. The jury awarded plaintiff no damages whatsoever for future lost earning capacity, future pain and suffering, or future general disability. It is clear that the jury concluded that the disability plaintiff suffered as a result of defendants' negligence was merely temporary, and did not create or substantially contribute to the continuing medical problems plaintiff experienced.

*Id.* at 207-08, 628 A.2d at 547. From this analysis, the commissioner concluded that the jury had decided there was no causal connection between the 1985 accident and the 1991 surgery, and she relied on collateral estoppel to prohibit relitigation of that issue.

Collateral estoppel applies with respect to an issue when:

> (1) preclusion is asserted against one who was a party or in privity with a party in the earlier action; (2) the issue was resolved by a final judgment on the merits; (3) the issue is the same as the one raised in the later action; (4) there was a full and fair opportunity to litigate

the issue in the earlier action; and (5) applying preclusion in the later action is fair.

*Trepanier v. Getting Organized, Inc.*, 155 Vt. 259, 265, 583 A.2d 583, 587 (1990). Claimant contends that collateral estoppel does not apply primarily because the liability and causation standards for a workers' compensation claim are different from those for a negligence claim. Specifically, he argues that the workers' compensation issue is whether the accident "aggravated" the preexisting condition or "accelerated [it such that it] ... 'came upon the claimant earlier than otherwise would have occurred,'" *City of Burlington v. Davis*, 160 Vt. 183, 184, 624 A.2d 872, 873 (1993) (quoting *Jackson v. True Temper Corp.*, 151 Vt. 592, 596, 563 A:2d 621, 623 (1989)), and that the negligence causation standard is narrower.

The issue in the workers' compensation case is whether the 1985 accident "aggravated, accelerated, or combined with a preexisting impairment or injury to produce a disability greater than would have resulted from" the 1985 accident alone. *Pacher v. Fairdale Farms*, 166 Vt. 626, 627-28, 699 A.2d 43, 46 (1997) (mem.). If the claimant reaches a preaccident condition, then the determinative causation returns to the preexisting impairment or condition. See *id.* at 629, 699 A.2d at 47. We concluded in *Lorrain v. Ryan* that the jury found that "the disability plaintiff suffered as a result of [the 1985 accident] ... was merely temporary, and did not create or substantially contribute to the continuing medical problems plaintiff experienced." 160 Vt. at 208, 628 A.2d at 547. Although there are slight differences between the wording of the workers' compensation standard and our phrasing in *Lorrain*, we conclude that the causation issue claimant raises in this case was resolved against him in *Lorrain*.

*Affirmed.*