**Judith PEABODY v. HOME INSURANCE COMPANY and Comprehensive Rehabilitation Associates**

[751 A.2d 783]

No. 99-057

April 6, 2000. This is a workers' compensation case in which claimant appeals from a decision of the Commissioner of the Department of Labor and Industry denying her vocational rehabilitation services, specifically reimbursement for the cost of obtaining her master's degree. We address three issues: (1) whether this Court has jurisdiction to determine if the notice of appeal was timely where the Commissioner refused to certify this issue for appeal, (2) whether the thirty-day period for filing a notice of appeal ran from the date the Commissioner signed the decision or the date the decision was mailed to claimant, and (3) whether, to be entitled to vocational rehabilitation services, claimant must show that she is unable to do any work, or any suitable work, for which she has previous training or experience. We hold that: (1) we have jurisdiction to determine whether the notice of appeal was timely, (2) the notice of appeal was timely, and (3) claimant must show that she is unable to do any suitable work to be entitled to vocational rehabilitation services. Accordingly, we remand to the Commissioner for further proceedings.

Claimant was employed as a senior rehabilitation specialist at Comprehen-

sive Rehabilitation Associates for approximately ten years. In 1991, claimant had a work-related accident causing back injury. Her job required driving long distances, which caused further back injury, and the back injury caused claimant depression. She left her position in July 1993 due to permanent physical and psychological work-related injuries. Claimant believed that she would need a master's degree in counseling to obtain employment that would approximate her preinjury annual wage of $37,500.

Claimant first sought vocational rehabilitation services from vocational counselor Richard Phillips. Phillips originally agreed with claimant that it would be necessary for her to obtain a master's degree in counseling, but after speaking with a Department employee, Phillips changed his position. Phillips found that claimant made an effort to find employment, but would not consider positions that did not approximate her preinjury wage. He noted that she could, however, have found employment in the counseling field with the State of Vermont or in the private sector if wage had not been a factor.

Claimant enrolled in a master's program at Johnson State College, obtained her master's degree and pursued her claim for tuition reimbursement of $13,755.10. At the workers' compensation hearing, claimant's vocational rehabilitation expert, Myron Smith, found that claimant had been qualified for numerous jobs in the Vermont social services sector but none of the jobs, including the four jobs identified by Phillips, offered a reasonably comparable wage to her preinjury salary. Based on the Department's workers' compensation regulations of April 1, 1995, Smith concluded that academic benefits were the most effective solution for claimant to attain "suitable" employment.

The Commissioner denied claimant's request for vocational rehabilitation ser-

vices. He concluded that claimant had failed to meet her initial burden under 21 V.S.A. § 641(b),[1] which provides:

> When as a result of an injury covered by this chapter, an employee is unable to perform work for which he has previous training or experience, he shall be entitled to such vocational rehabilitation services, including retraining and job placement, as may be reasonably necessary to restore him to suitable employment. . . .

The Commissioner concluded that claimant had failed to prove that she was unable to perform work for which she has previous training or experience. He held that claimant's refusal to consider jobs that did not approximate her preinjury wage was a personal choice that did not entitle her to rehabilitation benefits. Because claimant did not meet the necessary threshold showing, the Commissioner did not reach the second issue of whether a master's degree was reasonably necessary to restore her to suitable employment.

Claimant appealed from the Commissioner's decision, requesting that the Commissioner certify the following question: Whether claimant's vocational benefits were prematurely terminated and, if so, whether the attainment of a master's degree was necessary to find employment? Defendants proposed for certification: (1) Whether this Court has jurisdiction over this appeal, and (2) Did the Commissioner commit reversible error in denying claimant's claim for vocational rehabilitation benefits when the Commissioner determined that claimant was able to perform work for which she had previ-

---

[1] This statute was amended in 1998, and the relevant language is now in subsection (a). See 1997, No. 140 (Adj. Sess.), § 3.

ous training or experience? The Commissioner certified claimant's question, and defendants appeal the Commissioner's refusal to certify their proposed questions.

Initially, we address whether this Court may consider defendants' first proposed question for certification — whether this Court has jurisdiction over this appeal — when the Commissioner declined to certify the question. The authority for appealing to this Court from a workers' compensation decision of the Commissioner is in 21 V.S.A. § 672, which provides in part: "The jurisdiction of such court shall be limited to a review of questions of law certified to it by the commissioner." "It is axiomatic that a court cannot undertake to decide any issues of law, other than its own jurisdiction, without having been given the necessary authority to deal with the particular controversy." *Fisher v. Town of Marlboro*, 132 Vt. 533, 534, 323 A.2d 577, 578 (1974). Because the issue is our jurisdiction over this appeal, we conclude that the Court has the authority to decide it despite the plain language of the statute.

Thus, the second issue is whether claimant's notice of appeal was timely. V.R.A.P. 13(a) provides that "[e]xcept as otherwise provided by this rule, the provisions of these rules shall govern direct appeals to the Supreme Court from . . . administrative boards or agencies, so far as applicable." V.R.A.P. 4 provides that the notice of appeal to this Court "shall be filed with the clerk of the superior or district court *within 30 days of the date of the entry of the judgment* or order appealed from." (Emphasis added.) The parties dispute the meaning of "entry of the judgment." Defendants claim that the thirty-day appeals period began on December 23, 1998, the day the Commissioner signed the decision. Claimant contends that the thirty days began on December 29, 1998, the day that the order was mailed. The notice of appeal was filed

on January 27, 1999, and thus, is untimely if the appeals period runs from the signing of the decision.

Defendants rely on the Vermont Rules of Appellate Procedure for their contention that the judgment was entered the day the Commissioner signed the decision. V.R.A.P. 4 states, however, that "[a] judgment or order is entered within the meaning of this rule when it is entered in the civil or criminal docket." V.R.C.P. 58 provides that the judge approves and signs the judgment, "and the clerk shall thereupon enter it." Further, V.R.C.P. 58 "makes clear that entry of judgment (including, of course, any order or decree) is the act of the clerk in noting the judgment on the civil docket rather than the act of the court in rendering judgment." Reporter's Notes, V.R.C.P. 58. We; therefore, reject defendants' contention that the date the Commissioner signed the decision is the date the judgment was entered. This argument conflicts directly with V.R.A.P. 4 and V.R.C.P. 58, which make clear that entry of judgment is not the act of the decision maker in rendering judgment.[2]

Claimant relies on the Workers' Compensation Act. It provides that "the commissioner shall make an award supported by findings of fact and the applicable law and *shall send a copy of the award to the parties*." 21 V.S.A. § 664 (emphasis added). Appeals from the Commissioner's decision may be made to the superior court or this Court. Section 670 provides that either party may appeal to the superior court "[w]ithin thirty days after cop-

---

[2] Neither party argues that the time for appeal began to run on the date the decision was entered on the docket because the record in this case contains no docket entries, and the Department informs us that it does not maintain docket entries. Nor is the Commissioner's decision date-stamped, as was the notice of appeal.

ies of an award *have been sent.*" 21 V.S.A. § 670 (emphasis added). Section 672 provides: "If an appeal is not taken under the provisions of section 670 of this title within the time limited therefor, either party may transfer such cause to the supreme court." 21 V.S.A. § 672.

Thus, the thirty-day time period in which to file a notice of appeal to the superior court begins when the decision is mailed. Unlike § 670, § 672 does not expressly state that the mailing of the Commissioner's decision begins the running of the time for appeal to this Court. In view of the language of § 672 — indicating that the time for filing in superior court must expire before the cause may go to this Court — we cannot, however, hold that the deadline for the notice of appeal to this Court was prior to the deadline for the notice of appeal in superior court. See *In re Milton Arrowhead Mountain*, 169 Vt. 531, 533, 726 A.2d 54, 55 (1999) ("statutes regulating appeal rights are remedial in nature and must be liberally construed in favor of persons exercising those rights"). Rather, reading §§ 664, 670 and 672 together, we conclude that the Legislature intended the time for appeal to either this Court or the superior court to begin running when the Commissioner's decision is mailed. See *id.* (our ultimate goal in construing statute is to give effect to intent of Legislature). Accordingly, claimant's notice of appeal was timely.

Finally, we reject defendants' contention that 21 V.S.A. § 678(b) compels a different result. Section 678(b) states, in part: "Interest [on attorney's fees] shall be computed from *the date of the award of the commissioner.*" (Emphasis added.) Defendants contend that (1) "the date of the award of the commissioner" means the date the Commissioner signed the decision, and (2) that the thirty-day appeal period in V.R.A.P. 4 must therefore run from the date the Commissioner signed the decision to be consistent with

the computation of interest in § 678(b). We disagree for two reasons. First, defendants cite no authority for their claim that "the date of the award of the commissioner" means the date the Commissioner signed the decision. On its face, the language could equally be construed to mean the date the decision is mailed. More importantly, however, the two acts have different purposes. Thus, it is not unreasonable that the date on which the appeal period begins to run is different from the date on which the interest begins to accrue.

On the merits, the crux of the parties' dispute concerns claimant's initial burden under 21 V.S.A. § 641 to show that "as a result of an injury covered by this chapter, [she] is unable to perform work for which [she] has previous training or experience." Claimant contends that the statute must be construed to require her to show that she is unable to perform "suitable" work, rather than any work for which she has ever had any training or experience. She maintains that the Commissioner erred by ruling that if claimant had the ability to perform some work, regardless of the wages, then claimant was not entitled to vocational rehabilitation services.

The workers' compensation rules provide: "Vocational rehabilitation shall be provided by an employer when, as a result of a compensable injury or occupational disease, an injured worker is unable to return to *suitable* employment using his/her previous training or experience." Department of Labor and Industry, The Vermont Workers' Compensation and Occupational Disease Rules, Rule 27, 3 Code of Vermont Rules 24010003-29 (1999) (emphasis added).[3] Further, the rules state:

---

[3] Rule 27 was amended in 1989, 1994, 1996. All three versions, however, required vocational rehabilitation to be provided when the injured worker was unable to return to *suitable* work. The

Suitable employment is defined as employment that is both:

(1) *Reasonably comparable to the claimant's pre-injury job after consideration of wages*, potential for advancement, . . . ; and

(2) Reasonably attainable given current regional labor market conditions in light of the claimant's age, *temperament*, education, . . .

Workers' Compensation Rules, Rule 26(e) (emphasis added). The rules plainly state that claimant is entitled to vocational rehabilitation services if she was unable to return to *suitable* work, and claimant's preinjury wage and temperament were both relevant factors in determining whether the work she was able to do was suitable. See *In re Peel Gallery*, 149 Vt. 348, 351, 543 A.2d 695, 697 (1988) (regulation plain on face is not open to different interpretations).

"It is axiomatic that an administrative agency must follow its own substantive regulations in deciding contested cases." *Bishop v. Town of Barre*, 140 Vt. 564, 578, 442 A.2d 50, 56 (1982). Thus, we have required the Commissioner to follow the workers' compensation rules. See *id.* Here, the Commissioner concluded that claimant was not entitled to rehabilitation services without determining the threshold issue of whether claimant was able to return to *suitable* employment. Indeed, the Commissioner ruled that claimant's position that she had to be able to obtain a job that would approximate her preinjury wage was a personal choice, rather than the legal standard entitling her to rehabilitation services. He explicitly excluded considerations of preinjury wage

and temperament (personal choice) in his decision. We conclude that the Commissioner's decision was clearly erroneous. See *id.* at 577, 442 A.2d at 56 (although we generally give deference to decisions of administrative agency, we will not uphold the Commissioner's interpretation of workers' compensation regulation that is clearly erroneous).

The certified question is: Whether claimant's vocational benefits were prematurely terminated and, if so, whether attainment of a master's degree was necessary to find employment? We answer the first part of the question in the affirmative; claimant was denied benefits without a determination of whether she was able to return to suitable work. We do not reach the second part of the certified question because the Commissioner has not yet had the opportunity to rule on this issue. Our decision answers both questions defendants requested certified because they were necessary to determine the certified question; thus, we need not address defendants' appeal of the Commissioner's refusal to certify their proposed questions.

*The first part of the certified question is answered in the affirmative; we do not reach the second part of the certified question. The case is remanded for further proceedings consistent with this decision.*

---

current Rule 27 is the 1996 version, which was also in effect at the time of the Commissioner's decision.