## LuAnn ROETHKE v. JAKE'S ORIGINAL BAR AND GRILL

[772 A.2d 492]

No. 00-080

March 1, 2001. This is an appeal from a final order by the Commissioner of Labor and Industry, who certified as a question for review by this Court whether a claimant's workers' compensation rate pursuant to 21 V.S.A. §§ 642 and 648 (temporary total and permanent partial disability) may exceed the claimant's actual average weekly wage at the time of injury. The department answered the question in the negative, and claimant argues the question should be answered in the affirmative. Because this Court lacks jurisdiction to address the certified question, the appeal is dismissed.

In 1989, claimant LuAnn Roethke suffered a back injury while working at Jake's Original Bar and Grill. The injury resulted in her eventually undergoing a series of surgical procedures, ultimately resulting in the fusion of two vertebrae in her back. Within a few months of the injury, claimant filed for workers' compensation, and has been receiving either temporary total or permanent partial disability benefits since 1990.

Claimant instituted this action, seeking reimbursement for her unpaid medical bills and recalculation of her average weekly wage from $155 to $300, with a corresponding increase in her compensation rate. On June 2, 1999, the department issued a ruling on the parties' cross-motions for summary judgment, holding that claimant would not be entitled to annual adjustments of her workers' compensation benefits. On January 19, 2000, the department issued an order, after a hearing on the merits, on the issue of her actual earnings during the twelve weeks prior to her injury and the insurance carrier's responsibility for certain disputed expenses. Claimant then expressed to the department her intention to appeal the January 19 decision to the superior court. On February 10, the commissioner, upon an unopposed motion by claimant, entered a final judgment on the June 2, 1999, summary judgment ruling, agreeing with claimant that the summary judgment claim should be granted prior to superior court adjudication of the factual issues. On February 16 claimant filed her appeal of the February 10 judgment, on a question of law, to this Court. Two days later, on February 18, claimant filed a separate appeal of the same judgment, on questions of fact, in Chittenden Superior Court.* On March

20, the commissioner certified the above question of law for review by this Court, and three questions of fact for review by the superior court.

We conclude that we are without jurisdiction to answer the certified question. There are two avenues available to a claimant that would enable her or him to present a question of law, certified by the commissioner, to a court for review. First, within thirty days of the commissioner's sending of an award, a claimant may appeal to the superior court questions of fact, or questions of fact and law, certified to that court by the commissioner. 21 V.S.A. §§ 670, 671. Should claimant be aggrieved with the superior court's adjudication on the matter, he or she could appeal that ruling to this Court. See *id.* § 672 (providing this Court with jurisdiction over appeals from superior court decisions on questions presented to it pursuant to 21 V.S.A. §§ 670 and 671). Alternatively, a claimant may appeal directly to this Court "questions of law certified to it by the commissioner." *Id.* However, appeal to this Court as provided in § 672 is available to a party only "[i]f an appeal is not taken under the provisions of section 670 of this title within the time limited therefor." *Id.* The language of § 672 makes clear that these avenues for review are mutually exclusive — an appeal made to the superior court as provided in §§ 670 and 671 precludes appeal directly from the commissioner to this Court as provided in § 672.

In this case, on February 18, eight days after the commissioner's entry of final judgment and two days after filing an appeal with this Court, claimant brought a separate appeal in this case to superior court. In appealing to the superior court within the thirty-day time frame provided under § 670, claimant deprived this Court of jurisdiction under § 672 to

---

* We take judicial notice of the docket entries made, the questions certified by the commissioner, and the judgment entered in Chittenden Superior Court in

---

the matter of *Roethke v. Jake's Original Bar & Grill*, Docket No. S0227-00CnC.

review the certified question. See *id.* § 672.

It is perhaps a result of claimant's attempt to bring two appeals, in two different tribunals, in this one case that the briefing in this case is so unclear. This Court cannot determine from the record before us whether claimant is even receiving permanent partial disability benefits at this time. It may be that, even if we had jurisdiction to address the certified question, any decision this Court might make as to the availability of statutory increases in permanent partial disability benefits would be purely advisory. See *Anderson v. State*, 168 Vt. 641, 644, 723 A.2d 1147, 1149 (1998) (mem.) (advisory opinions are "beyond the authority vested in the judicial branch by the constitution"). Furthermore, the issue presented in the certified question may have been rendered moot by the superior court's ruling in claimant's favor. See *In re J.S.*, 139 Vt. 6, 14, 420 A.2d 870, 874 (1980) ("Under the mootness doctrine an appellant's stake in the litigation must continue throughout its entirety, and this Court may not issue advisory opinions.").

It does not appear that claimant raised in the superior court the same question of law certified to this Court by the commissioner. If that is the case, she has rendered the commissioner's judgment on this certified question of law final and controlling in this matter. Claimant would therefore be precluded from challenging the commissioner's previous judgment on the question upon entry of a new award. See *Sheehan v. Department of Employment & Training*, 169 Vt. 304, 308, 733 A.2d 88, 91 (1999) (collateral estoppel applies to administrative agencies when they are acting in judicial capacity).

*Appeal dismissed.*

Motion for reargument denied March 27, 2001.