**Harold CARTER v. FRED'S PLUMBING & HEATING, INC., Employers Mutual, American Fidelity/AIG, Travelers/Aetna, Fidelity/Continental**

[816 A.2d 490]

No. 01-533

November 4, 2002. Plaintiff appeals a summary judgment by the Commissioner of Labor and Industry, which held that his claim against defendants was barred by the five-year statute of limitations encompassed in the Occupational Disease Act, 21 V.S.A. § 1006(a) (1987) (repealed by 1999, No. 41, § 8(a)(1) (the "ODA"). We affirm.

From 1957 until 1988, plaintiff worked as a plumber. He was employed first by Hackett's Plumbing and Heating, and then by Hackett's successor in interest, defendant Fred's Plumbing and Heating, Incorporated. Until 1981, he worked in the field. Over the course of his career, it is alleged that plaintiff was exposed to asbestos. After being diagnosed with pulmonary asbestosis on June 4, 1999,

plaintiff filed a workers' compensation claim on July 7, 1999. Eighteen years lapsed between his last allegedly injurious exposure to asbestos in 1981 and his diagnosis with the disease in 1999.

After plaintiff filed his claim, five insurance companies moved for summary judgment, arguing that any claim was barred by the statute of limitations. Additionally, each denied its own specific liability. At the time of those motions, however, the employer was unrepresented and had not yet participated in the case. After the Commissioner of Labor and Industry issued an order granting the insurers' motions, plaintiff filed a notice of appeal with the Orleans Superior Court. Promptly thereafter, the Commissioner withdrew her decision and invited an appearance from the employer. The Commissioner then received a motion for summary judgment from the employer, as well as renewed motions for summary judgment from the insurers, and granted all in an amended ruling.

In so ruling, the Commissioner relied primarily on the fact that the ODA and its five-year limitations period was in effect both at the time plaintiff was alleged to be injured by asbestos, and when he was finally diagnosed with pulmonary asbestosis, the date of disablement. In either case, the Commissioner held that the limitations period ran from the "last injurious exposure." *Id.* § 1006(a) (1987).

Defendant-insurers maintain that the Commissioner's jurisdiction was lost at the time claimant appealed the first summary judgment ruling to the Orleans Superior Court. They argue that the Commissioner lacked the jurisdiction to unilaterally withdraw her June 6, 2001 ruling. Therefore, defendants argue that her amended ruling has no legal effect and cannot now be properly appealed. Claimant argues that Commissioner's order was never final, because it preceded any appearance by the true party defendant the employer.

In her amended ruling, the Commissioner noted that "any determination as to the liability of the insurers is one for the superior court, not this department." Indeed, while the liability of an insurer under the statute is primary when the insurer undertakes to defend an employer, *Morrisseau v. Legac*, 123 Vt. 70, 78, 181 A.2d 53, 59 (1962), where an issue arises between insurers and the employer as to coverage, the primary question facing the court is the liability of the employer. Issues of rights and liabilities which arise between insurers and the employer are not within the jurisdiction of the Commissioner. *Id.*

While it is true that an appeal from a final order concludes the agency's jurisdiction, prior to entry of a final order in an action involving multiple claims or parties any "other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." V.R.C.P. 54(b); see also *Szirbik v. R.K. Miles, Inc.*, 137 Vt. 108, 108, 400 A.2d 1001, 1001 (1979) (per curiam) (when judgment order does not dispose "of all of the claims, rights and liabilities of all of the parties," there is no appellate jurisdiction absent a Rule 54(b) determination). If a court or agency enters an order that fails to adjudicate all of the claims, that order is subject to revision until the adjudicating body issues an order putting all the claims to rest. *Putney School, Inc. v. Schaaf*, 157 Vt. 396, 407, 599 A.2d 322, 328 (1991). An order granting summary judgment to five of six potentially liable parties is not a final order, and as such, the Commissioner's ruling in this case was properly amenable to revision. Prior to the entry of a decision adjudicating all the relative claims and rights of the parties, the Commissioner may amend her ruling. *Id.*; 21 V.S.A. § 668 (Cum. Supp. 2002).

Turning to plaintiff's substantive claims, plaintiff makes three arguments. First, he claims that the ODA applies and

that his claim did not accrue until his diagnosis in 1999, rather than at the time of exposure to the asbestos. Second, he claims that if the ODA does not apply, then 21 V.S.A. § 660(b) applies, and his claim is not time-barred under that statute. Lastly, plaintiff asserts that if neither statute encompasses his claim, then he would be left without judicial remedy in violation of Vermont Const. Chapter I, Article 4.

By the time plaintiff's disease became apparent, there can be little doubt that his claim was technically barred by the ODA. The statute of limitations that applies to a particular cause of action is generally the one in effect when the cause of action accrued. *Cavanaugh v. Abbott Labs.*, 145 Vt. 516, 521, 496 A.2d 154, 157-58 (1985). The Occupational Disease Act in effect when plaintiff made his claim read, "[c]ompensation shall not be payable for disablement by reason of occupational disease unless such disablement results within five years after the last injurious exposure to such disease in the employment . . . ." 21 V.S.A. § 1006(a) (1987). Plaintiff was not diagnosed with asbestosis within the prescribed five-year period. By precluding recovery for any injury that is undiscovered for five years, the statute is a substantive limitation on recovery for diseases that remained latent for longer than five years.

The workers' compensation laws were passed with the intent to supplant the complicated and inconsistent results of common law. In exchange for faster and more certain compensation, an employee foregoes the right to sue his employer. See 21 V.S.A. § 622 (statutory right is exclusive remedy for employee suffering personal injury). In *Sienkiewycz v. Dressell*, 151 Vt. 421, 423-24, 561 A.2d 415, 416-17 (1989), we observed that § 622 provides an exclusive remedy for on-the-job injuries and precludes suits under tort law. However, the plain meaning of § 1006(a), "within five years after the last injurious exposure to such disease," indicates that a claim such as the plaintiff's is time-barred if not brought within five years of exposure. This Court presumes the Legislature intended statutory language to convey its "plain, ordinary meaning." *Burlington Elec. Dep't v. Vt. Dep't of Taxes*, 154 Vt. 332, 335, 576 A.2d 450, 452 (1990).

One month after he was diagnosed with pulmonary asbestosis, and one week *before* plaintiff filed his claim, the ODA was repealed and merged with the Workers' Compensation Act, 21 V.S.A. §§ 601-701 (1987 and Cum. Supp. 2002). Thus on July 1, 1999, 21 V.S.A. § 660(b) went into effect. Section 660(b) provides specific protections for occupational diseases. It reads: "a claim for occupational disease shall be made within two years of the date the occupational disease is reasonably discoverable and apparent." 21 V.S.A. § 660(b) (Cum. Supp. 2002). Plaintiff claims that § 660(b) ought to apply retroactively to his claim. Remedial statutes are entitled to liberal construction. *Pillsbury v. United Eng'g Co.*, 342 U.S. 197, 200 (1952); *In re Dexter*, 93 Vt. 304, 312, 107 A. 134, 137 (1919). "A remedial statute is one designed to cure a mischief or remedy a defect in existing laws . . . ." *Dexter*, 93 Vt. at 312, 107 A. at 137 (citations omitted). Legislative adoption of a discovery rule in occupational disease cases dramatically expands the coverage of the statute in a manner that further effectuates its purpose, and provides remedies where they might otherwise have been unavailable under the ODA.

Plaintiff argues that this Court should presume the Legislature intended retroactive application of § 660(b) in light of the latent nature of certain occupational diseases. While the humanitarian purpose of § 660(b) is apparent, its language is clear. "Where the meaning of a statute is plain on its face, this Court will enforce the statute according to its terms for there is no need for construction; the

legislative intent is to be ascertained from the act itself." *Burlington Elec. Dep't,* 154 Vt. at 335-36, 576 A.2d at 452 (quoting *Hill v. Conway,* 143 Vt. 91, 93, 463 A.2d 232, 233 (1983) (internal quotations omitted)). Nothing in § 660(b) implies an intent for the discovery rule to apply ˋretroactively to occupational diseases. Ordinarily, a statute does not apply to cases pending at the time it becomes effective. 1 V.S.A. § 214(b)(1) reads: "[t]he amendment or repeal of an act or statutory provision . . . shall not [a]ffect the operation of the act or provision prior to the effective date of the amendment or the repeal thereof." Section 660(b) specifically repealed the ODA, and replaced it with a discovery rule. Unfortunately for plaintiff, the line was drawn in a manner that does not afford him relief.

Plaintiff's final contention is that any statutory interpretation which denies his claim violates his right to a remedy under Chapter I, Article 4 of the Vermont Constitution, which provides that "[e]very person within this state ought to find a certain remedy, by having recourse to the laws, for all injuries or wrongs which one may receive in person, property or character . . . ." Vt. Const. ch. I, art. 4. This Court has equated Article 4 with the federal Due Process Clause. See *Mellin v. Flood Brook Union School Dist.,* 173 Vt. 202, 218, 790 A.2d 408, 422 (2001). "[Article 4] does not create substantive rights . . .; it merely provides access to the courts." *Quesnel v. Town of Middlebury,* 167 Vt. 252, 258, 706 A.2d 436, 439 (1997) (citations omitted). In *Quesnel,* this Court determined that the lack of a statutory or common law cause of action did not in itself violate Article 4. *Id.* Because of the plain language of the ODA, and because the Legislature chose not to apply § 660(b) retroactively, plaintiff lacks a statutory or common law cause of action. The claim that plaintiff has been denied a constitutional right to a remedy is without merit as it is within the Legis-

lature's authority to define and limit a cause of action.

Chapter II, Section 70 of the Vermont Constitution expressly authorizes the Legislature to establish the workers' compensation laws. The ODA is part of the workers' compensation statutory framework. "[T]he right to maintain such an action is afforded only by the Legislature." *Quesnel,* 167 Vt. at 258, 706 A.2d at 439. This Court has found that while the Legislature may create "reasonable limitations on rights of action, due process does not permit the legislature to annul vested rights." *Lillicrap v. Martin,* 156 Vt. 165, 178, 591 A.2d 41, 48 (1991). The Legislature never interfered with · a vested right of the plaintiff; rather, it limited the availability of a remedy. In the absence of a vested cause of action, there is no constitutional deprivation or right to redress.

*Affirmed.*