2003 VT 22

## Merriman SHELTRA v. VERMONT ASBESTOS GROUP

[820 A.2d 221]

No. 02-116

¶ 1. February 19, 2003. Defendant, Vermont Asbestos Group, appeals the decision of the Commissioner of Labor and Industry denying its motion for summary judgment on the grounds that plaintiff's claim for workers' compensation is time-barred by the Occupational Disease Act, 21 V.S.A. § 1006(a) (1987) (repealed by 1999, No. 41, § 8(a)(1)) (the "ODA"). The Commissioner held that the applicable statute of limitations is that encompassed in 21 V.S.A. § 660(b), and that plaintiff properly filed his claim within two years of the date of the discovery of the injury. We reverse.

¶ 2. Plaintiff was employed at an asbestos mine near Eden, Vermont, from January 1958 to February 24, 1994. He officially retired December 1, 1994. During his employment, plaintiff was exposed to airborne asbestos. In the late 1990s, plaintiff began experiencing minor coughing as well as some shortness of breath. His condition progressively deteriorated. On February 22, 2000, Dr. Gerald S. Davis, Director of Pulmonary Disease and Critical Care Medicine at Fletcher Allen Health Care, examined plaintiff and diagnosed him with "clinically significant asbestosis." On August 28, 2000, plaintiff filed a Notice of Injury and Claim for Compensation.

¶ 3. This is another case in which the harsh results of the former five-year statute of limitations on occupational diseases falls heavily on plaintiff. Although the ODA has been replaced with a new statute that reflects greater recognition of the delayed onset of some occupational diseases, see 21 V.S.A. § 660(b), effective July 1, 1999, there are still cases that are barred by the old statute. The result in the case before us is controlled by our recent decision in *Carter v. Fred's Plumbing & Heating, Inc.*, 174 Vt. 572, 816 A.2d 490 (2002) (mem.).

¶ 4. In *Carter*, we held that the five-year statute of limitations of ODA operated to bar a claim for injury from pulmonary asbestosis in which the last injurious exposure to asbestos was in 1981 and the diagnosis of the disease was in 1999. *Id.* at 574, 816 A.2d at 493. Because the disease did not manifest itself "within five years after the last injurious exposure to such disease in the employment" the claim was barred. *Id.*; 21 V.S.A. § 1006(a). We further held that the appropriate statute of limitations was the one in effect when the cause of action accrued, which was five years from the last injurious exposure. *Carter*, 174 Vt. at 574, 816 A.2d at 493. Moreover, we concluded the Legislature did not intend that the new statute of limitations, § 660(b), apply retroactively to save causes of action that had already expired, and despite such nonretroactivity, that our holding did not violate Chapter I, Article 4 of the Vermont Constitution. *Id.* at 575, 816 A.2d at 494.

¶ 5. In plaintiff's case, the cause of action accrued on his last day of work, February 24, 1994 and expired under the five-year rule in February 1999, before the new statute went into effect and before plaintiff was diagnosed with occupational disease on February 22, 2000. Plaintiff raises issues identical to those in *Carter*. Because we have so recently addressed those issues in the same context, we decline to address them here. There is no distinguishing factual difference from *Carter* that compels a different result.

*Reversed.*

Note. Justice Morse sat for oral argument but did not participate in this decision.