2009 VT 61

## Robert Stoll v. Burlington Electric Department

[977 A.2d 1282]

No. 08-051

Present: Reiber, C.J., Dooley, Skoglund and Burgess, JJ., and Toor, Supr. J., Specially Assigned

Opinion Filed June 19, 2009

*Frank E. Talbott* of *Mertz, Talbott & Simonds, PLC,* Burlington, for Plaintiff-Appellant.

*Richard R. Hennessey* of *Theriault & Joslin, P.C.,* Montpelier, for Defendants-Appellees City of Burlington Electric Department and National Union Fire Insurance Company.

*Robert G. Cain* of *Paul Frank + Collins P.C.,* Burlington, for Defendant-Appellee CNA Insurance Company.

*Eric A. Johnson* and *David A. Berman* of *McCormick, Fitzpatrick, Kasper & Burchard, P.C.,* Burlington, for Defendant-Appellee The Hartford.

*William J. Blake* and *J. Justin Sluka* of *Ellis Boxer & Blake,* Springfield, for Defendant-Appellee Vermont Property and Casualty Insurance Guaranty Association.

*Brian P. Monaghan* of *McNeil, Leddy & Sheahan, P.C.,* Burlington, for Defendant-Appellee Vermont League of Cities and Towns Property and Casualty Intermunicipal Fund, Inc.

*John A. Serafino* of *Ryan Smith & Carbine, Ltd.,* Rutland, for Defendant-Appellee Insurance Company of North America.

¶ 1. **Skoglund, J.** Employee Robert Stoll appeals the Chittenden Superior Court's dismissal of his workers' compensation appeal for lack of jurisdiction. We affirm. Employee further asks that we grant his motions for leave to file an untimely direct appeal from

the Commissioner's decision and to consolidate his appeals. We deny these motions.

¶ 2. For twenty-six years, employee worked for the Burlington Electric Department, during which time he claims to have been exposed to asbestos. In August 2004, employee was diagnosed with several conditions caused by asbestos exposure. He filed a claim for workers' compensation benefits with the Vermont Department of Labor and Industry in May 2005.

¶ 3. Before the Commissioner, appellee insurance companies sought a ruling that the statute of repose in the Occupational Disease Act (ODA) barred employee's claim. On September 22, 2006, the Commissioner granted the insurance companies' motions. On October 23, 2006, the Commissioner forwarded employee's notice of appeal of the Department's decision to Chittenden Superior Court. On February 7, 2007, the Commissioner certified the following questions to the superior court:

> 1. Whether the Chittenden Superior Court has jurisdiction to hear this appeal under 21 V.S.A. § 671, when the Department of Labor's decision granting the Defendants' Motions for Summary Judgment was based on a pure question of the law and no facts were disputed by the parties for the purpose of the summary judgment motions?

> 2. If the Chittenden Superior Court has the jurisdiction to hear this appeal, whether the Occupational Disease Act's five year statute of repose bars Claimant's claim for alleged work-related asbestosis disease, when the Claimant's last injurious exposure to asbestos occurred no later than 1985, no diagnosis of asbestos[is] (or any physician's reports relating to it) occurred until 2004, and no claim was filed until 2005?

¶ 4. Before the superior court, appellee insurance companies filed motions for summary judgment. They argued that the superior court lacked jurisdiction to hear the appeal. The superior court agreed and granted the motions. Employee appealed to this Court. One month later, employee filed a motion with this Court requesting that we grant him leave to file an untimely direct appeal from the Commissioner's decision. We reserved ruling on that motion until we considered the merits of employee's appeal.

¶ 5. The rights to appeal the Department's workers' compensation decisions are circumscribed by statute. 21 V.S.A. § 671 provides that the superior court's jurisdiction over an appeal from the Department "shall be limited to a review of questions of fact or questions of fact and law certified to it by the commissioner." Appeals of pure questions of law, in contrast, must be taken directly to this Court. *Id.* § 672.

■ ■ ¶ 6. We have had occasion to interpret these statutory provisions in the past. In *Pitts v. Howe Scale Co.*, 110 Vt. 27, 38, 1 A.2d 695, 699 (1938), we ruled that the superior court did not err by submitting to the jury only one out of eight questions certified to it by the Commissioner where that question was the only one that could be interpreted either as a question of fact or a mixed question and the other seven were pure questions of law. In so ruling, we reasoned that § 671 "does not authorize the certification of questions of law to [the superior] court but only questions of fact or mixed questions of fact and law," and that "it would be [the superior court's] duty, to disregard questions which are not within the statutory authority of the commissioner to certify . . . because they are pure questions of law." *Id.* at 35-36, 1 A.2d at 698-99. We therefore found no error in the court's submission of only the first question — which we reasoned could be interpreted as a request for retrial on an issue of fact — to the jury, since "[t]he remaining seven questions certified by the commissioner . . . raise[d] only questions of law." *Id.* at 37, 1 A.2d at 699. More recently, in *Lorrain v. Lorrain Carpets*, 167 Vt. 574, 575, 705 A.2d 536, 537 (1997) (mem.), we affirmed the superior court's dismissal for lack of jurisdiction of an appeal challenging the Commissioner's conclusion that the employee was collaterally estopped from making a particular argument in furtherance of his workers' compensation claim. We reasoned that dismissal was appropriate because "the applicability of collateral estoppel to a given set of facts is a question of law," "the superior court's jurisdiction extends only to questions of fact or questions of fact and law," and "that court has no jurisdiction over questions that are purely legal." *Id.*

■ ¶ 7. In sum, the superior court's order granting summary judgment for appellee insurance companies on jurisdictional grounds was appropriate because both certified questions presented pure questions of law. Whether a court has subject matter

jurisdiction over a particular dispute is a pure question of law. *Office of Child Support v. Sholan*, 172 Vt. 619, 620, 782 A.2d 1199, 1202 (2001) (mem.). Thus, as framed, the first certified question is clearly improper. Moreover, it had nothing to do with the issues presented to the Commissioner, so we are puzzled by her certification of this question.[1] The question of the applicability of a statute of repose to a set of undisputed facts is also a pure question of law. *Gettis v. Green Mountain Econ. Dev. Corp.*, 2005 VT 117, ¶ 20, 179 Vt. 117, 892 A.2d 162. Employee does not challenge the superior court's finding that the facts pertinent to the Commissioner's application of the ODA's statute of repose were undisputed: employee's last exposure to asbestos occurred no later than 1985, he was diagnosed in June 2004 with diseases caused by exposure to asbestos, and he filed his claim for workers' compensation on May 16, 2005. Therefore, the second question, while it brought before the superior court a question decided by the Commissioner, was also improper.[2] The second question also contains a misstatement of employee's condition which we take this opportunity to correct. Employee has not been diagnosed with asbestosis disease; rather, he has been diagnosed with pleurisy, emphysema, and bronchiectasis.

¶ 8. Employee also argues that the superior court erred in not construing the Commissioner's second certified question as follows: "whether . . . the Occupational Disease Act's five year statute of repose bars [claimant's] claim for compensation due to

---

[1] Employee finds fault with the superior court's ruling on subject matter jurisdiction on the grounds that the Commissioner's first question was a pure question of law. While the superior court's decision is styled as a response to the Commissioner's first question, it is axiomatic that an adjudicative body always has the power to determine whether it has subject matter jurisdiction over the dispute before it. See *Town of Woodstock v. Cleveland*, 125 Vt. 510, 512, 218 A.2d 691, 693 (1966) ("Every court has the power to determine in the first instance its jurisdiction to entertain the proceedings brought before it."). It was therefore proper for the superior court to address the threshold question of subject matter jurisdiction even though the question had also been erroneously certified to it by the Commissioner.

[2] The dissent argues that the Commissioner should have decided factual issues not necessary to its disposition of this case so that employee could have his choice of appellate forums. While the dissent rightly recognizes that if the Commissioner had done so employee could have appealed questions of fact or mixed questions to the superior court under § 671, the fact remains that the Commissioner did not decide such factual issues in this case.

his asbestos-related diseases." Employee argues that our decision in *Pitts* requires the superior court to construe a certified question so that it confers jurisdiction on the court, if possible, and that the Commissioner's second certified question would be a mixed question of fact and law as rephrased by employee. However, *Pitts* does not stand for that proposition. In *Pitts*, we reasoned that a superior court faced with an ambiguous certified question could, in its discretion, return the question to the Commissioner to be clarified. 110 Vt. at 36, 1 A.2d at 697. We nevertheless approved of the superior court's interpretation of a certified question as a question of fact although it could also have been interpreted as a question of law. *Id.* Nothing in *Pitts* suggests that the superior court must — or even that it may — recast a question that is unambiguously purely legal as a question of fact or a mixed question in order to create jurisdiction. Moreover, as employee has not challenged the superior court's finding that the facts material to the Commissioner's application of the statute of repose were undisputed, the question remains one of pure law even as rephrased by employee.

¶ 9. Nothing in the dissent calls into question the clarity of the statutes circumscribing the courts' jurisdiction to hear appeals from the Commissioner's workers' compensation determinations. In particular, the dissent's reliance on *Letourneau v. A.N. Deringer/Wausau Insurance Co.*, 2008 VT 106, 184 Vt. 422, 966 A.2d 133, and *Roethke v. Jake's Original Bar & Grill*, 172 Vt. 555, 772 A.2d 492 (2001) (mem.), are unpersuasive. In *Letourneau*, the jurisdictional issue was neither raised by the parties nor considered by this Court. And the last paragraph of *Roethke*, upon which the dissent places heavy reliance, is purest dicta. While Justice Dooley clearly believes that the scheme he suggests is superior — in efficiency, in fairness, and in its allocation of the means to control workers' compensation appeals between the Commissioner and litigants — to that provided by law, he would do better to direct his comments to the Legislature rather than sow the seeds of interpretive latitude in and around an entirely clear statutory scheme.

¶ 10. We find no error in the superior court's grant of summary judgment to appellee insurance companies. Moreover, we decline to exercise our discretion under § 673 to allow employee to file a direct appeal of the Commissioner's September 2006 order with

this Court.[3] Further, we dismiss appellee CNA Insurance Company's motions to strike portions of appellee Vermont Property and Casualty Insurance Guaranty Association's and appellee Insurance Company of North America's briefs as moot.

*The superior court's order granting summary judgment to appellee insurance companies is affirmed. Employee's motions for leave to file an untimely direct appeal from the Commissioner's decision and to consolidate the appeals are denied. Appellee CNA Insurance Company's motions to strike portions of appellee Vermont Property and Casualty Insurance Guaranty Association's and appellee Insurance Company of North America's briefs are dismissed as moot.*

¶ 11. **Dooley, J.**, dissenting. The majority opinion has created an intricate appeal route that requires going to two courts, the superior and Supreme Court, in most cases where the employee wants to exercise the statutory right to trial by jury. Moreover, the Commissioner determines where a party must appeal, and how often; as shown in this case, this power is fundamentally at odds with that of a neutral adjudicator. I do not believe that this appeal regime is commanded by statute, and in a case like this, it is fundamentally unfair to a seventy-one-year-old claimant who may not live long enough to get through the tortuous appeal process to successfully obtain compensation if he ultimately prevails. The appeal route is totally inconsistent with the legislative intent that decisions on compensation be "expeditious." *St. Paul Fire & Marine Ins. Co. v. Surdam*, 156 Vt. 585, 589, 595 A.2d 264, 266 (1991). Accordingly, I dissent. I also dissent from the majority's refusal to exercise its discretion to allow a direct appeal to this Court.

¶ 12. In dissenting, I acknowledge that if this case was not dismissed on jurisdictional grounds, it would have come to this

---

[3] The dissent suggests that we should excuse the employee's "mistake in choice of forum," *post*, ¶ 22, by allowing a late appeal to this Court on account of the Commissioner's malfeasance. We take it that the dissent accuses the Commissioner of seeking to insulate her ruling from reversal and to sabotage employee's case by certifying two pure questions of law to the superior court. See *post*, ¶ 23. There is no basis in the record upon which to ascribe such motives to the Commissioner. Finally, the dissent registers its apparent disapproval of the Commissioner's power to shape workers' compensation appeals without any acknowledgement that the Legislature may have intended to vest such control in the Commissioner through the duty to certify questions.

Court by some route in any event. Employee presents a novel theory of how an "injury by accident" can occur. Under the majority's ruling, if the employee had prevailed on the statute-of-repose issue, the case would have needed four different determinations *after* the initial decision of the Commissioner — the Supreme Court on the statute-of-repose question, the Commissioner for adjudication of whether there was an injury by accident, the superior court on the same question, and the Supreme Court again. In my view, it should have needed only two.

¶ 13. Our statutory scheme creates two alternative appeal routes, depending on whether the losing party is satisfied by the Commissioner's findings of fact. See *Kenney v. Rockingham Sch. Dist.*, 123 Vt. 344, 348, 190 A.2d 702, 705 (1963). If the losing party is satisfied with the fact-findings, review is by the Supreme Court on the record made before the Commissioner and under a limited standard of review. *Cehic v. Mack Molding, Inc.*, 2006 VT 12, ¶ 6, 179 Vt. 602, 895 A.2d 167 (mem.). The Commissioner's findings of fact are binding on this Court if supported by the evidence. *Id.* If the party is not satisfied with the Commissioner's fact finding, the party may appeal to the superior court for "trial by jury" and review of questions of "fact . . . [and] fact and law." 21 V.S.A. §§ 670, 671. This factual review is de novo.

¶ 14. Employee in this case wanted two favorable determinations from the Commissioner: (1) that he suffered an injury by accident as a result of the lodging of particulate matter in his lungs, and he was entitled to compensation based on this injury; and (2) that even if he also suffered an occupational disease from the same cause, the occupational disease statute of repose does not apply to the claim for compensation based on the injury by accident. Ruling on a motion for summary judgment filed by the employer's insurers, the Commissioner decided the second question first and adverse to employee under *Sheltra v. Vermont Asbestos Group*, 2003 VT 22, ¶ 5, 175 Vt. 499, 820 A.2d 221 (mem.), and *Carter v. Fred's Plumbing & Heating, Inc.*, 174 Vt. 572, 574, 816 A.2d 490, 493 (2002) (mem.).[4] Because of that decision, the Commissioner failed to address the first question and dismissed the claim. Employee appealed to the superior court because, if he was successful in overturning the Commissioner's summary judgment

---

[4] It would be fairer to say that the Commissioner failed to acknowledge employee's argument and failed to address it.

decision on the second question, he wanted a trial by jury on the first question. He also wanted an efficient appeal, occurring in one court and within a reasonable time. Whatever the decision on the merits, employee's choice of forum was reasonable and consistent with the statute, and should be honored.

¶ 15. Drawing on the Court's decision in *Pitts v. Howe Scale Co.*, 110 Vt. 27, 1 A.2d 695 (1938), the majority holds that if a claim can be decided solely on a question of law, and the Commissioner has decided to resolve it on that basis, review of the Commissioner's ruling can occur only in the Supreme Court. The majority's reasoning is overbroad, not required by *Pitts*, inconsistent with our decision in *Roethke v. Jake's Original Bar & Grill*, 172 Vt. 555, 772 A.2d 492 (2001) (mem.), and creates an inefficient appeal regime. I would follow and extend *Roethke* to cover this case.

¶ 16. *Roethke* involved an attempt by a claimant to appeal both a question of fact and a question of law — both arising from the same judgment by the Commissioner — at the same time, by appealing the ruling on the question of law to the Supreme Court and the ruling on the question of fact to the superior court. The legal ruling on the amount of disability benefits the claimant could receive under the statute was wholly or partially unrelated to the factual ruling, which addressed the amount of the claimant's earnings prior to the injury and the insurer's responsibility for certain expenses. We held that the claimant could not proceed in that way because the statute governing Supreme Court appeals, 21 V.S.A. § 672, explicitly applies only if the claimant has not appealed to the superior court under § 670. Since the claimant had appealed to the superior court, she was precluded from appealing the same judgment to the Supreme Court. *Id.* at 557, 772 A.2d at 493.

¶ 17. In the last paragraph of the *Roethke* decision, we addressed how a claimant could obtain review of a legal ruling. We noted that the claimant had not raised the challenge to the Commissioner's legal ruling in the superior court appeal. As a result, we held that she had "rendered the commissioner's judgment on this certified question of law final and controlling in this matter." *Id.* The holding was that the claimant could have raised the legal issue in the superior court, and was, therefore, precluded from raising this argument again.

¶ 18. The point of *Roethke* is that a claimant can raise pure legal issues in a superior court appeal as long as the claimant has also raised factual issues. This power is consistent with the statutory requirement that the claimant raise "questions of fact and law." 21 V.S.A. § 671. As *Roethke* necessarily holds, the issues of fact and law do not have to be related.

¶ 19. In the most unfortunate part of this Court's decision, the majority labels the last paragraph of *Roethke* as "purest dicta," with the clear indication that it is wrong. *Ante*, ¶ 9. It is not dicta because the Court was explaining the holding — that the claimant was precluded from raising her legal appeal issue because she failed to raise it in the superior court appeal. If it is wrong, however, that means that the convoluted appeal process the majority has structured can prevent appeal issues from *ever* being raised. The legal issue cannot be raised in the Supreme Court because of the presence of the superior court appeal as *Roethke* holds, and it cannot be raised in the superior court because it is a legal issue under the rigid majority decision in this case. Thus, the legal issue is lost. The only way to save it is to forego the fact appeal so that the Supreme Court case can proceed without the superior court review. The majority is taking away an employee's full right of appeal with no indication that the Legislature intended this drastic consequence.[5]

¶ 20. I recognize that this case is distinguishable from *Roethke* because the fact and law issues are related, and the Commissioner resolved the law issue first and did not address the fact issue. This is my point that, under the majority's reasoning, the Commissioner is determining where the employee can appeal, a power inconsistent with the Commissioner's proper role. If the Commissioner had decided the issues in the way that employee presented them, she would have made a factual determination that could be appealed under *Roethke*, along with the legal ruling on the statute of limitations. Similarly, if she had denied the motion for summary judgment on the merits, there would be no "award"

---

[5] Although the majority has stated so in tentative terms, it has suggested that the Commissioner can control what is raised on appeal, even against the will of the appellant. *Ante*, ¶ 10 n.3. If that is true, the appeal right is illusory, to be defeated by the Commissioner for any reason, or for none. The majority correctly reads that I do not acknowledge that "the Legislature may have intended to vest such control in the Commissioner." *Id.* Indeed, I believe that we should state clearly that the Legislature did not intend to vest such control in the Commissioner.

that could be appealed here, and review would have to occur in the superior court after the Commissioner decided whether there was an injury by accident on the facts presented. In my view, the employee and not the Commissioner should determine where an appeal should proceed.

¶ 21. I note that the procedural posture of this case is identical to that in *Letourneau v. A.N. Deringer/Wausau Insurance Co.*, 2008 VT 106, 184 Vt. 422, 966 A.2d 133. In that case, the Commissioner decided what she understood to be a pure question of law adversely to the claimant, and the claimant appealed to the superior court alleging facts that would have made a difference under the claimant's view of the law. The superior court decided "that the case presented only a question of law," *id.* ¶ 5, and ruled for the claimant as a matter of law. We reversed, noting that the issue was a pure question of law, and holding that both the Commissioner and the superior court fundamentally misunderstood the applicable statute.[6] *Id.* ¶ 15.

¶ 22. The Commissioner's action in this case underlies the second point of dissent — that we should allow the late appeal to the Supreme Court so that employee is not without access to a court because of a mistake in choice of forum. As the majority acknowledges, *ante,* ¶ 10, we have the discretion to take this appeal by virtue of 21 V.S.A. § 673. See *Lorrain v. Lorrain Carpets*, 167 Vt. 574, 575, 705 A.2d 536, 537 (1997) (mem.). Although the majority has responded to part of the dissent on this issue, it has given no reason for its failure to exercise this discretion to give employee an appeal.

¶ 23. Here, employee committed to an appeal to the superior court believing that the appeal was controlled by facts — that is, the cause and nature of his disability. In doing so, employee was following the direction of the last paragraph of *Roethke*, a paragraph the majority now calls dicta. Employee was following the path of others, as shown by *Letourneau*, decided right around the same time as the trial court decision in this case. The Commissioner certified the questions quoted in the majority decision, ignoring employee's specification of the issues, and presenting pure questions of law in order to obtain the majority

---

[6] It is also fair to say that we took considerable latitude in construing the Commissioner's certified question, which was based on her fundamental misunderstanding of the statute.

result.[7] Failing to respond to employee's need for an expeditious decision, the Commissioner inexcusably failed to certify any questions for five months after the appeal was taken. There is no apparent prejudice to the appellee insurance companies if we take this appeal. The only prejudice is to employee from the Commissioner's failure to act.

¶ 24. Under 21 V.S.A. § 672, "the time for filing in superior court must expire before the cause may go to this Court." *Peabody*, 170 Vt. at 638, 751 A.2d at 786. The time has effectively expired by this Court's decision, and employee should now be able to obtain review in this Court.

¶ 25. I would reverse the superior court decision and allow employee to proceed in that court. Failing that, I would allow him to proceed here. The majority's technical application of the appeal statutes, and failure to exercise its discretion to allow consideration of the appeal on the merits, creates an injustice. This is as far as it can be from the command of the governing statute that "[a]ll process and procedure . . . shall be as summary and simple as reasonably may be." 21 V.S.A. § 602.

---

[7] Although we have held that questions of jurisdiction are before the reviewing court whether or not contained in the Commissioner's certified questions, the Commissioner certified the jurisdiction issue in this case. *Peabody v. Home Ins. Co.*, 170 Vt. 635, 637, 751 A.2d 783, 785 (2000) (mem.). The inclusion of this question was clearly intended to ensure that the superior court addressed the appellate jurisdiction question. Although the majority criticizes my view of the motive of the Commissioner, it acknowledges that the certified question was "clearly improper." *Ante*, ¶ 7.