*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2010-310

MARCH TERM, 2011

| | | |
|---|---|---|
| Katheryn "Kitty" Garcia | } | APPEALED FROM: |
| | } | |
| | } | |
| v. | } | Superior Court, Chittenden Unit, |
| | } | Civil Division |
| | } | |
| Alpine Glen Farm/Broadspire | } | DOCKET NO. S0888-09 CnC |

Trial Judge: Helen M. Toor

In the above-entitled cause, the Clerk will enter:

Plaintiff appeals the dismissal of her workers' compensation appeal. The civil division concluded that it lacked jurisdiction over plaintiff's appeal because it presented a pure question of law. Plaintiff argues that the court was presented with a mixed question of law and fact and therefore there is jurisdiction. We affirm the dismissal for lack of jurisdiction.

The Department of Labor Commissioner found the following facts for purposes of summary judgment. See V.R.C.P. 56(c); Samplid Enters., Inc. v. First Vt. Bank, 165 Vt. 22, 25 (1996) (noting that, when reviewing motion for summary judgment, facts are viewed in light most favorable to nonmoving party). Claimant moved to Shelburne, Vermont in 2004 to work for defendant. Her work included teaching horseback riding and acting as a barn manager. Her employer provided her with housing. In 2006, claimant suffered a traumatic brain injury from a work-related accident. In April 2006, defendant terminated her employment. Claimant then relocated to California to live with her mother. She stored her belongings in a rental unit in Chittenden Country, where they have remained.

Claimant filed a benefits claim, seeking to recover the costs of storing her belongings and moving the items to California. She filed a motion for summary judgment. Defendant opposed the motion and filed its own motion for summary judgment. In opposition, claimant filed an affidavit averring that the move was medically necessary. She did not, however, support her claim with an expert medical opinion. The Commissioner denied the request, concluding:

> There is no reasonable interpretation to be given the plain language of §640 that would encompass the storage and/or relocation expenses Claimant seeks. Even if the statutory reference to "medical and nursing services" could be interpreted to include them, furthermore, there is no evidence that they have been determined to be medically necessary. They may be desirous or helpful, but that is not the standard.
>  . . . .

Having determined that as a matter of law the costs Claimant seeks are not reimbursable, there is no need to reach Defendant's alternative argument that genuine issues of material fact preclude summary judgment in Claimant's favor.

Claimant appealed the Commissioner's decision to the civil division. About six weeks later, the Commissioner certified the following question for review: "Did the Commissioner err in denying summary judgment for Claimant and granting summary judgment for Defendant as to the question whether as a consequence of Claimant's compensable injury Defendant was obligated as a matter of law to pay for the cost of storing and/or moving Claimant's belongings?" Defendant filed a motion for summary judgment, claiming that the civil division lacked jurisdiction over the appeal because it raised a pure question of law. See 21 V.S.A. § 671 (limiting appeal to superior court to "a review of questions of fact or questions of fact and law"); id. § 672 (stating supreme court has jurisdiction over "questions of law"). Plaintiff opposed the motion and submitted a doctor's letter as evidence that the relocation was medically necessary. The court dismissed the appeal for lack of jurisdiction, concluding that the Commissioner did not make any factual determinations, but denied claimant's request for relocation expenses as a matter of law. Plaintiff appealed.

The sole question on appeal is whether the superior court had jurisdiction over claimant's appeal. Jurisdiction is a question of law, which we review de novo. Stoll v. Burlington Elec. Dep't, 2009 VT 61, ¶ 7, 186 Vt. 127. The workers' compensation statutes provide that the civil division has jurisdiction over appeals "of questions of fact or questions of fact and law," 21 V.S.A. §§ 670, 671, whereas this Court has jurisdiction over pure questions of law, id. § 672. The superior court lacks jurisdiction over a workers' compensation appeal where the question was decided by the Commissioner on a purely legal basis, even if factual issues are also raised before the Commissioner but were not material to the final decision. Stoll, 2009 VT 61, ¶ 7 n.2 (explaining that right of appeal is to the Supreme Court where Commissioner's decision does not rest on factual issues).

Claimant argues that her appeal to the civil division raised a mixed question of law and fact because it challenged the Commissioner's factual determination that her relocation expenses were not medically necessary as well as the Commissioner's legal conclusion that the expenses are not covered by the statute. We conclude otherwise. The Commissioner's decision was not dependent on a factual determination of whether claimant's relocation was medically necessary. Instead, the Commissioner determined that, even accepting claimant's version of the facts, there was no statutory basis to award relocation expenses.[*] As the Commissioner stated: "There is no reasonable interpretation to be given the plain language of §640 that would encompass the storage and/or relocation expenses Claimant seeks."

Claimant contends that the Commissioner's decision depended on a factual determination because the Commissioner stated that even if the statute could be construed to cover relocation and storage expenses, "there is no evidence that they have been determined to be medically necessary." While this portion of the decision references an alternative ground for denying claimant's request, reversal of this ground alone would not allow claimant to prevail. Moreover,

---

[*] For purposes of this appeal, we do not review the merits of the holding itself, but merely observe that it is a legal conclusion, not a factual determination.

claimant's position with respect to the alternative ground is that summary judgment should not have been granted. That argument involves a question of law.

The Commissioner's decision was grounded in its conclusion that, even accepting claimant's version of the facts, there was no interpretation of the statute that would include reimbursement for relocation and storage costs. This is further evidenced by the Commissioner's certified question, which asked whether the Commissioner erred in determining that defendant was not obligated "as a matter of law to pay for the cost of storing and/or moving Claimant's belongings." Because this is purely a legal question of law and not dependent on a disputed fact, under the construct adopted in <u>Stoll</u>, the superior court lacked jurisdiction over the appeal.

<u>Affirmed</u>.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice


_____
John A. Dooley, Associate Justice


_____
Marilyn S. Skoglund, Associate Justice