VERMONT SUPERIOR COURT
32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT 05401
802-951-1740
www.vermontjudiciary.org

ENVIRONMENTAL DIVISION
Docket No. 24-ENV-00081



| | |
|---|---|
| **3111 Cross Rd. ZA Permit Appeal** | **DECISION ON MOTION** |

In this matter, Spencer Berenberg (Appellant) appeals a decision of the Town of Jay (Town) Development Review Board (DRB) granting Jeff Morse and Jonas Philhower (together, Applicants) a conditional use permit to construct a commercial self-storage facility (the Project) at 3111 Cross Road, Jay, Vermont (the Property). Presently before the Court are the parties' cross motions for partial summary judgment on Appellant's Question 2 of his Statement of Questions. Question 2 asks whether the Project is an allowable use in the applicable zoning district.

## Legal Standard

To prevail on a motion for summary judgment, the moving party must demonstrate "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." V.R.C.P. 56(a), applicable here through V.R.E.C.P. 5(a)(2). When considering a motion for summary judgment, the nonmoving party receives the benefit of all reasonable doubts and inferences. Robertson v. Mylan Labs., Inc., 2004 VT 15, ¶ 15, 176 Vt. 356. When considering cross-motions for summary judgment, the Court considers each motion individually and gives the opposing party the benefit of all reasonable doubts and inferences. City of Burlington v. Fairpoint Commc'ns, Inc., 2009 VT 59, ¶ 5, 186 Vt. 332. In determining whether there is a dispute over any material fact "we accept as true allegations made in opposition to the motion for summary judgment, so long as they are supported by affidavits or other evidentiary material." White v. Quechee Lakes Landowners' Ass'n, Inc., 170 Vt. 25, 28 (1999) (citation omitted); V.R.C.P. 56(c)(1)(A).

## Factual Background

We recite the following facts solely for the purposes of deciding the pending cross-motions. These facts do not constitute factual findings because factual findings cannot occur until after the Court conducts a trial. Fritzeen v. Trudell Consulting Eng'rs, Inc., 170 Vt. 636, 633 (2000) (mem.).

1

1. Applicants Jeff Morse and Jonas Philhower own property located at 3111 Cross Road, Jay, Vermont (the Property).

2. The Property is located within the Rural District I (RDI) as that is defined by the Town of Jay Land Use Regulations (the Regulations).

3. Applicants proposed to construct 32-unit self-storage facility at the Property (the Project).

4. The Project will consist of a 10-foot high building that is 150-foot long by 30-foot wide.

5. The units will be available for rent.

6. Appellant Spencer Berenberg owns property adjacent to the Property.

7. On September 9, 2024, the DRB issued a conditional use/zoning permit to Applicants for the Project.

8. Appellant timely appealed that permit to this Court.

## Discussion

The sole Question at issue in the pending cross-motions is whether the Project, a self-storage facility, is an allowable use in the RDI. For the reasons set forth herein, we conclude that it is.

A determination of whether the Project is an allowable use in the RDI requires the Court to interpret the Regulations. When interpreting zoning regulations, the Court applies the rules of statutory construction. In re Appeal of Trahan, 2008 VT 90, ¶ 19, 184 Vt. 262. First, the Court "construe[s] words according to their plain and ordinary meaning, giving effect to the whole and every part of the ordinance." Id. (citations omitted). In so doing, the Court presumes that all language in an ordinance is "inserted for a purpose," and therefore the interpretation "must not allow a significant part of [an ordinance] to be rendered surplusage or irrelevant." In re Miller, 2009 VT 36, ¶ 14, 185 Vt. 550. If there is no plain meaning, the Court will "attempt to discern the intent from other sources without being limited by an isolated sentence." In re Stowe Club Highlands, 164 Vt. 272, 280 (1995). In construing statutory or ordinance language, the paramount goal is to implement the intent of its drafters. Morin v. Essex Optical/The Hartford, 2005 VT 15, ¶ 7, 178 Vt. 29. The Court will therefore "adopt a construction that implements the ordinance's legislative purpose and, in any event, will apply common sense." In re Laberge Moto-Cross Track, 2011 VT 1, ¶ 8, 189 Vt. 578; see also In re Bjerke Zoning Permit Denial, 2014 VT 13, ¶ 22 (quoting Lubinsky v. Fair Haven Zoning Bd., 148 Vt. 47, 49, 195 Vt. 586 (1986)) ("Our goal in interpreting [a zoning regulation], like a statute, 'is to give effect to the legislative intent.'"). Finally, "[b]ecause zoning ordinances limit common law property rights, any uncertainty must be resolved in favor of the property owner." Bjerke Zoning Permit Denial, 2014 VT 13, ¶ 22.

The Regulations state that the RDI "will provide most of the residential uses in the Town and will include those commercial and light industrial uses which can be designated and located to preserve and not adversely affect the scenic, natural and rural character of the [RDI]." Regulations § 303.01. Regulations § 303.1 lists the permitted use, permitted uses with site plan review, and conditional uses allowable in the RDI. Self-storage facilities are not included. The Regulations do not include a provision found in some zoning ordinances stating that any use not included as a permitted or conditional use in a district is prohibited. Furthermore, the Regulations do not provide alternative guidance on how to view uses that are not included on a list of allowable uses in a zoning district or in the Regulations, generally.

The Regulations define the term "self-storage facility" as "a building or group of buildings containing separate, individual, and private storage spaces of varying sizes available for lease or rent for varying periods of time." Regulations § 802 ("Self-Storage Facility"). The Regulations do not use the term in any other place in the Regulations. The inclusion of a defined term for the Project's use and the lack of any guidance on how to regulate that use within the RDI or in the Town as a whole requires the Court to interpret the Regulations as outlined above with respect to ambiguities.[1] This is because the Court, or the municipality below, tasked with interpreting and applying the Regulations is forced to make inferences about the intent behind defining a term without further using the term.

Further, while the Court is directed to resolve this ambiguity in favor of Applicant, Bjerke, 2014 VT 13, ¶ 22, adopting an interpretation that allows the use in the RDI subject to review is consistent the Regulations and the overarching rules of bylaw interpretation and the requirement that we "giv[e] effect to the whole and every part of an ordinance." Trahan, 2008 VT 90, ¶ 19 (citations omitted). The RDI contemplates the inclusion of "commercial and light industrial uses which can be designated and located to preserve and not adversely affect the scenic, natural and rural character of the District." Regulations § 303.01. It then goes on to include a list of commercial and light industrial uses that may be permitted as conditional uses in the district. Id.[2] These uses range from various food and beverage establishments to commercial retail facilities to "light industry." "Light industry"

---

[1] Appellant argues that the inclusion of a definition and lack of use anywhere in the Regulations is not ambiguous but is instead clear evidence of intent to disallow such a use. In the absence of any plain language indication of an intent on how to regulate such a use, this interpretation requires the Court to "fill in" gaps in the Regulations with assumptions of intent. Such gap-filling is a clear indication of an ambiguity. What's more, a review of the Regulations shows that there are multiple uses defined by the Regulations that do not appear elsewhere within the regulatory provisions. See Regulations § 802 ("Bakery," "Caterer," "Heavy Equipment Yard," "Horse Boarding and Riding Stables," "Kennel," "Microbrewery," "Shopping Center," and "Visitor Facility"). To adopt Appellant's interpretation of the Regulations would render each of these provisions surplusage. Miller, 2009 VT 36, ¶ 14. Thus, we decline to do so.
[2] The only commercial use that is subject to lesser review is "professional services."

is broadly defined as "any facility for the assembly, manufacture, compounding, processing, packing, treatment or testing of materials, goods or products, technology-based or related research and development facilities . . .." Regulations § 802 ("Light Industry"). This is a broad range of uses with a broad range of potential impacts to be analyzed under conditional use standards to determine whether the proposed project is approvable. A self-storage facility and associated impacts clearly fit within this spectrum of uses and impacts, subject to review. This interpretation and analysis is consistent with the purpose statement of the RDI and is a construction that reads the Regulations as a whole while declining to render portions of the Regulations, such as the definition of "self-storage facility," surplusage or irrelevantly included.

Thus, we conclude that the lack of inclusion of "self-storage facility" as a use within the RDI does not necessitate the use being prohibited in the district and the use is allowable in the RDI subject to review as set forth below.

Appellant asserts that this interpretation of the Regulations is irrational and inconsistent based on the assertion that the conditional uses in the RDI are either customer-facing and/or job creators of the Town. Because a self-storage facility would do neither, it cannot be in the RDI.[3] This intent is not explicit in the Regulations. Further, it ignores the fact that the Regulations state that a commercial or industrial use may be allowable "when it can be designated and located to preserve and not adversely affect the scenic, natural and rural character of the District." Regulations § 303.01. Thus, the Regulations focus analysis of these commercial and industrial uses on their impact to the surrounding area, not the way such a use interacts with customers or any macroeconomic benefit it may have on the community. Thus, the Court will not infer any intent to limit uses as proposed by Appellant.

Lastly, Question 2, by asking whether the use is allowable, inherently requires the Court to determine what scope of review is applicable to the use. Thus, we address it. In re LaBerge NOV, 2016 VT 99, ¶ 15, 203 Vt. 98 (noting this Court's authority to consider issues inherent to a question before us). Applicants address this issue in their motion. Applicants assert that it is prudent review

---

[3] In making this argument Appellant relies on In re Tyler Self-Storage Unit Permits, 2011 VT 66, for descriptions of the scope of uses at a self-storage facility, generally, and impacts therefrom. Tyler is not on point on the issues before the Court in this motion. That case concerned whether a self-storage facility constituted a "retail sales/rentals" use as defined by the relevant zoning regulations. Id. at ¶ 3. This is not the issue presented to the Court in this appeal. Instead, the Court is tasked with determining whether a defined use which is not otherwise described or included in the Regulations may be allowable in a zoning district where the applicable regulations are silent on how to approach such a situation. How the Tyler decision analyzed the relevant application's comportment with the applicable regulation's definition of "retail sales/rentals" does not guide the Court's analysis of the present Question. Further, there are no facts in the record about how Applicant's facility would operate and whether that operation is consistent with Tyler. It is therefore inappropriate on summary judgment to rely upon conclusions of law from Tyler.

the application as one for a conditional use, like the DRB did below, in this instance. While Appellant does not fully address this issue in arguing that the use is wholly prohibited, we note that his Amended Statement of Questions includes Question 11, 12, and 14 through 16 which address the Project's compliance with conditional use standards.

Here, Regulations § 303.01 notes that commercial and light industrial uses may be permitted when sited to "preserve and not adversely affect the scenic, natural and rural character of the District." Regulations § 303.01. This is somewhat akin to a character of the area analysis when conducting conditional use review. See Regulations § 771.01(B). Further, in the RDI all commercial uses are subject to conditional use review with the sole exception of "professional services." Regulations § 303.01. Thus, the Court will apply conditional use standards to the application before the Court.

For the foregoing reasons, the material facts are not in dispute and Applicants are entitled to judgment as a matter of law on Question 2. We therefore **GRANT** Applicants' motion and **DENY** Appellant's motion for partial summary judgment on this Question.

<u>Conclusion</u>

The Court **GRANTS** Applicants' motion and **DENIES** Appellants' motion. In so doing the Court answers Question 2 in the affirmative, concluding that the use is allowable in the RDI subject to conditional use review.

This matter does not have a scheduling order. The Court directs the parties to work together to devise a stipulated scheduling order for this matter to be filed with the Court on or before **Wednesday, July 9, 2025**. Should the parties be unable to reach a stipulated schedule, parties are directed to file separately proposed schedules for the Court's review by the same date. At a minimum, deadlines to be included in a pre-trial schedule are discovery completion dates, motion deadlines, and a date by which parties will be trial ready along with a deadline for parties to provide dates they are unavailable for the two month following the trial ready deadline.

Electronically signed this 26rd day of June 2025 pursuant to V.R.E.F. 9(D).

Thomas G. Walsh, Judge
Superior Court, Environmental Division